**Janet L. CROSTIC, Petitioner,**

v.

**VETERANS ADMINISTRATION, Respondent.**

No. 84–886.

United States Court of Appeals, Federal Circuit.

March 21, 1984.

Peter B. Broida, Washington, D.C., for petitioner.

Alvin A. Schall, Washington, D.C., for respondent.

Before MARKEY, Chief Judge, and FRIEDMAN and NIES, Circuit Judges.

## ORDER

Consideration has been given to petitioner's motion for an order compelling the filing of the transcript of the administrative hearing in lieu of an appendix and in lieu of the certified list of docket entries. The argument is made that the transcript runs a total of 648 pages and that the costs of reprinting could be avoided while the bulk of the brief and appendix which the court must consider would be reduced. It

is noted that a similar motion was filed by petitioner's counsel in another appeal.

 Counsel apparently misunderstands the purpose of an appendix, which is two-fold: to set out only the most *pertinent parts* of the record, particularly those referred to in the brief, and (2) to provide each judge hearing the case with such materials. Dispensing with an appendix, and with the requirement for a number of copies, seriously inconveniences the work of the court.

 To reduce costs, an appendix need not be made part of a printed brief or be separately *printed* and professionally bound. It may, in most cases, be prepared in counsel's office by photocopying papers in counsel's duplicate file and it may be bound by staples, and tape. Further, the appendix should include only the most significant portions of the record. Indeed, no more may be necessary in some cases than to provide the court with the decision under review where the facts set forth therein are not challenged. If the appendix turns out to be inadequate, or is challenged as inaccurate, it can be supplemented or corrected, and at any time the court may *sua sponte* order the entire record if it deems it necessary.

The court, at this stage, does not require the entire record in lieu of the certified list of docket entries. The transcript of the *hearing only* (as proposed by counsel) would not, in any event, be a substitute for the certified list.

Counsel is cautioned that his role as an officer of the court is not subservient to his role as an advocate and that a motion such as this should not be filed simply on the ground that dispensing with an appendix will save expense to his client. That is true in all cases. The time of the court should not be taken for consideration of a motion which merely reflects counsel's disagreement with the wisdom of the court's rule.

Accordingly, IT IS ORDERED

That the motion is denied.