**Paul Vaughan GEARAN, Petitioner,**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent,**

and

**Merit Systems Protection Board, Intervenor.**

**No. 87–3449.**

United States Court of Appeals, Federal Circuit.

Feb. 5, 1988.

Phillip R. Kete, Takoma Park, Md., represented petitioner.

Jonathan A. Baker, Dept. of Justice, Washington, D.C., represented respondent.

Rita Arendal, Merit Systems Protection Bd., Washington, D.C., represented intervenor.

Before NIES, BISSELL and ARCHER, Circuit Judges.

## ORDER

NIES, Circuit Judge.

Paul Vaughan Gearan moves for an order directing the Merit Systems Protection Board (MSPB) to prepare and file a written transcript of the administrative hearing as part of the official record. The Department of Health and Human Services (HHS) opposes the motion. Intervenor, MSPB, opposes the motion. Gearan moves for leave to file a reply.

Gearan argues (1) that Rules 16 and 17 of the Federal Rules of Appellate Procedure require administrative agencies to present reviewing courts with official records that include written hearing transcripts and (2) that the MSPB, rather than the petitioner, is responsible for arranging for and paying for transcription of the tapes.

## THE REQUIREMENT FOR WRITTEN HEARING TRANSCRIPTS

In *Gonzales v. Defense Logistics Agency*, 772 F.2d 887, 890 (Fed.Cir.1985), this court addressed the issue of whether the MSPB's policy of taping hearings rather than providing written transcripts violated 5 U.S.C. § 7701:

> Pursuant to section 7701(j) the board has prescribed 5 C.F.R. § 1201.53 concerning the transcript requirements. Hearings are recorded on tape and the regulation provides that a transcript will be made available to the parties upon payment of costs. "Exceptions may be granted in extenuating circumstances for good cause shown," upon written motion. The tape, of course, is available to the board at all times. Does this satisfy the statute in this case? The answer depends on whether an agency regulation reasonably interprets the legislative intent behind the statute. *National Muffler Dealers Association v. United States*, 440 U.S. 472, 477, 99 S.Ct. 1304, 1307, 59 L.Ed.2d 519 (1979).

> The legislative history of the Reform Act contains no comment on the transcript requirement. Although commonly thought of as a writing, the primary definition of a transcript is "a copy of any kind." Black's Law Dictionary 1342 (5th ed. 1979). Thus, we believe that the board's keeping of a tape recording satisfies the section 7701(a)(1) requirement and that petitioner's speculation that he was prejudiced is without merit.

> In addition, we note that, as opposed to section 7701(b) which requires the board to *furnish* a copy of its decision to each party in an appeal and to the Office of Personnel Management, section 7701(a)(1) merely requires the board to *keep* a transcript. This distinction is not without difference.

Thus, for purposes of 5 U.S.C. § 7701, a tape recording satisfies the transcript requirement.

While *Gonzales* determined that hearing tapes satisfied § 7701 of the statute, it was silent as to whether hearing tapes satisfied the Federal Rules of Appellate Procedure. As defined by Fed.R.App.P. 16, the record on review of agency orders consists of "the order sought to be reviewed ..., the findings or report on which it is based, and the pleadings, evidence and proceedings before the agency." Pursuant to Fed.R.App.P. 17, the agency must file the record with the Clerk of the court. In this court, the filing of a certified list of docket entries by the MSPB constitutes the filing of the official record. *See* Fed.Cir.R. 10(c)(2) and Fed.R. App.P. 17(b). Fed.Cir.R. 11(a)(4) provides for retention of the record by the administrative agency in the event that the court orders transmission of any portion of the record.

Gearan points to no authority which supports his claim that the Federal Rules of Appellate Procedure require that the MSPB provide a written transcript as part of the official record on appeal. His argu-

ment here, which would in effect reverse *Gonzales*, is without foundation.*

In the event that the court orders transmission of the record, it is the usual practice for the MSPB to produce the record as it is maintained by the MSPB, *i.e.*, written transcript, if prepared, or hearing tape. The MSPB states that "[i]f the court finds the tapes unsatisfactory and specifically requests a written transcript, the Board will then arrange for the transcription at its own expense."

## RESPONSIBILITY FOR TRANSCRIBING TAPES

■ The MSPB describes its procedures for transcribing tapes:

In the usual course of a proceeding, the regional office hearing is taped by an official hearing reporter who is under contract to the Board. The tape is the official record of the proceeding. Upon request, a copy of the tape recording or transcript of the hearing, if prepared, is made available by the Board upon request of a party after payment of costs. 5 C.F.R. § 1201.53(b). If a written transcript is not included in the official record, requests for a copy of the transcript must be directed to the official hearing reporter. *Id.* The hearing reporter then produces an official written transcript from the tapes in the possession of the court reporting company upon payment of fees by the requesting party.

This procedure is more than adequate except under two aberrant situations: (1) when a hearing is taped by Board personnel rather than an official hearing reporter so that the court reporting company does not possess a copy of the tapes, and (2) when the request for a written transcript is made more than one year after the hearing was taped by the official hearing reporter, and the firm's tape is

no longer available for transcription. [Footnote omitted.] In these rare cases, an informal practice developed, both at headquarters and in the regional offices, of providing the appellant/petitioner with copies of the tapes from the Board's own official record and advising him to arrange for the transcription himself. [Footnote omitted.]

The existence and inadequacy of this informal procedure came to the attention of senior headquarters officials of the Board for the first time in this case, where the official tape is no longer maintained by the court reporting service which taped Mr. Gearan's [1984] hearing, and in *Eibel v. Department of the Navy*, Fed.Cir. Appeal No. 87-3559, where the hearing was taped without benefit of a court reporting service. In both cases, counsel for the petitioners were either advised by Board personnel, or assumed from prior experience, that they were responsible for arranging for the transcription of the hearing tapes. This court has indicated and the Board agrees, that this practice is unacceptable. *See Gearan v. Department of Health and Human Services*, Appeal No. 87-3449, (Order dated September 25, 1987).

Accordingly, the Board developed procedures whereby it will arrange for the production of an official written transcript in cases where Board personnel have taped the hearing, or where the official court reporter has disposed of its copy of the tapes. These procedures ensure that the chain of custody of the official tape between the Board and the court reporter is not interrupted.

MSPB's Response at 2–4. On December 3, 1987, the Deputy Director For Regional Operations issued a memorandum to all Regional Directors setting forth the policy described above.

---

* Indeed, counsel here presented this identical issue to the court several years ago, *In re Robert Beard*, Miscellaneous Docket Nos. 57, 61 (petition for writ of mandamus to direct the MSPB to prepare and file transcripts as part of the record in accordance with the Federal Rules of Appellate Procedure, denied September 4, 1985). Subsequently, the court denied the MSPB's request for publication of *In re Robert Beard* as

"not necessary in light of the published opinion in *Gonzales v. Defense Logistics Agency* [772 F.2d 887 (Fed.Cir.1985) ]." October 18, 1985 Order, Miscellaneous Docket Nos. 57, 61. *See also Crostic v. Veterans Administration*, 730 F.2d 1464 (Fed.Cir.1984) (order denying petitioner's motion to compel filing of administrative record in lieu of an appendix).

Gearan argues that the MSPB is responsible for arranging for transcription of hearing tapes and also responsible for the cost. It is unclear what Gearan means by the word "arranging." However, the procedures adopted by the MSPB as described above are reasonable and clearly delineate responsibility for "arranging."

Pursuant to 5 C.F.R. § 1201.53(a) "payment of costs" is the responsibility of the requesting party except "in extenuating circumstances for good cause shown." In *Gonzales,* the court stated that "[w]e think that the regulation is entirely reasonable and lawful." *Gonzales,* 772 F.2d at 891. Gearan's arguments here do not persuade us to the contrary.

Accordingly,

IT IS ORDERED THAT:

(1) Gearan's motion to direct the MSPB to prepare, file, and pay for written transcripts of MSPB hearings is denied.

(2) Gearan's motion for leave to file a reply is granted.

