MEMORANDUM ***
Stephanie Toyama appeals pro se from the district court’s judgment dismissing for lack of subject matter jurisdiction her employment discrimination action against the Secretary of Health and Human Services. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court’s conclusion that appellant failed to *176 exhaust her administrative remedies. Vinieratos v. U.S. Dep’t of Air Force, 939 F.2d 762, 768 (9th Cir.1991). We review for an abuse of discretion the district court’s decision to dismiss without prejudice, rather than stay, the action. Davel Commc’ns, Inc. v. Qwest Corp., 460 F.3d 1075, 1091 (9th Cir.2006). We affirm.
The district court properly dismissed the action because Toyama failed to exhaust her administrative remedies before the Merit Systems Protection Board (“MSPB”). See Lyons v. England, 307 F.3d 1092, 1103 (9th Cir.2002) (“To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim.”).
The district court did not abuse its discretion by dismissing without prejudice, rather than staying, the action because the parties were not unfairly disadvantaged. See Davel, 460 F.3d at 1091 (“The factor most often considered in determining whether a party will be disadvantaged by dismissal without prejudice is whether there is a risk that the statute of limitations may run on the claims pending agency resolution of threshold issues.”). After exhausting her administrative remedies before the MSPB, Toyama timely refiled her complaint in district court. See Toyama v. Leavitt, Case No. 08-cv-00198-ACK-KSC. Accordingly, there is no risk that the statute of limitations might run on her claims.
Toyama’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.