NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEPHANIE S.K.C. TOYAMA,**

*Petitioner,*

v.

**MICHAEL O. LEAVITT, SECRETARY OF HEALTH AND HUMAN SERVICES,**

*Respondent.*

---

2010-3038

---

Petition for review of the Merit Systems Protection Board in case no. SE0752030358-M-1.

---

Decided: October 13, 2010

---

STEPHANIE S.K.C. TOYAMA, of Honolulu, Hawaii, pro se.

ERIC P. BRUSKIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General,

JEANNE E. DAVIDSON, Director, and REGINALD BLADES, JR., Assistant Director.

———————————

Before RADER, *Chief Judge*, DYK and PROST, *Circuit Judges*.

PER CURIAM.

Appellant Stephanie Toyama petitions for review of the final decision of the Merit Systems Protection Board ("Board") sustaining her removal from her Department of Health and Human Services ("HHS") position for refusing to accept a directed reassignment. Because the Board's decision is supported by substantial evidence, we *affirm*.

BACKGROUND

The HHS removed Ms. Toyama from her position as a Public Health Advisor beginning December 6, 2002, for failing to accept a directed reassignment from Honolulu to Atlanta. Ms. Toyama was serving in a field assignment to the Hawaii State Health Department. When the Hawaii State Health Department terminated the Public Health Advisor position in Honolulu, Ms. Toyama no longer had HHS work to perform in Hawaii. As a result, Ms. Toyama was reassigned to an HHS position in Atlanta.

Ms. Toyama eventually declined the reassignment. Human Resources officially notified her of her expected separation and her eligibility for various career transition assistance programs. HHS then sent her a written removal proposal explaining why she was being removed. Ms. Toyama was ultimately removed for refusing to relocate when her position was moved outside of her commuting area.

Ms. Toyama appealed her removal to the Board. She subsequently requested that the Board dismiss her appeal without prejudice to refiling so she could pursue a "mixed case complaint" under 29 C.F.R. § 1614.302(a) before the Equal Employment Opportunity Commission ("EEOC"). The EEOC granted summary judgment for HHS, which Ms. Toyama appealed. She then filed a district court action and a new appeal before the Board, which was dismissed as untimely. We reversed the Board's dismissal. *See Toyama v. Merit Sys. Prot. Bd.*, 481 F.3d 1361 (Fed. Cir. 2007). Her district court action was dismissed for failure to exhaust administrative remedies. *See Toyama v. Sebelius*, 329 F. App'x 175 (9th Cir. 2009).

On remand from this court, the Board's administrative judge upheld Ms. Toyama's removal after a hearing. While Ms. Toyama and her counsel appeared in person for the hearing, HHS's representatives appeared by videoconference from Atlanta. Ms. Toyama objected to the video appearances and contended that the hearing should be held in Atlanta. The administrative judge overruled these objections. The administrative judge's initial decision became the final decision of the Board when the Board denied Ms. Toyama's petition for review.

Ms. Toyama now seeks review of the Board's final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9), pursuant to 5 U.S.C. § 7703(b)(1).

## DISCUSSION

The scope of our review of a Board decision is limited. We must affirm the Board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having

been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Frey v. Dep't of Labor*, 359 F.3d 1355, 1359 (Fed. Cir. 2004).

To remove an employee based on a directed reassignment, HHS must show that its decision to reassign Ms. Toyama was based on legitimate management considerations, that she was given adequate notice of the reassignment, and that she refused to accept the reassignment. *Frey*, 359 F.3d at 1360. Ms. Toyama does not assert that she was given inadequate notice of her reassignment, and she plainly refused to accept the reassignment. She also does not contest that her removal was supported by substantial evidence. Rather, she raises a number of procedural issues concerning how her removal and her Board hearing were handled. We address each issue in turn.

First, Ms. Toyama's asserts that the Board should have treated her employment action as a reduction in force ("RIF") transfer of function rather than a directed reassignment. A RIF occurs when an agency "releases a competing employee from his or her competitive level by furlough for more than 30 days, separation, demotion, or reassignment requiring displacement." 5 C.F.R. § 351.201(a)(2). Here, Ms. Toyama was neither released from government service nor did her reassignment require displacement of another employee. *See Thomas v. United States*, 709 F.2d 48, 50 (Fed. Cir. 1983). Therefore, the employment action was not a RIF.

Further, Ms. Toyama argues that she did not receive adequate notice of her removal because she was not aware that her removal was "disciplinary" in nature. We are not persuaded. The record shows that she received proper notice as required by 5 C.F.R. § 752.404(b). The notice

specified that the proposed removal was "based on [Ms. Toyama's] failure to accept reassignment/relocation to another local commuting area." We have recognized that "discipline is warranted for refusing to accept a legitimate directed reassignment." *Frey*, 359 F.3d at 1357. Also, "removal is not an unreasonably harsh penalty for such a refusal." *Id.* Ms. Toyama was ultimately removed for the very reason recited in the notice of proposed action. The fact that she did not understand that this removal was "disciplinary"—particularly because she was never treated as an employee removed for misconduct—does not render the notice deficient.

Finally, Ms. Toyama alleges that the administrative judge made various procedural errors, including using video conferencing rather than transferring the hearing to Atlanta and recording the hearing rather than making a written transcript. These actions do not rise to an abuse of discretion. The Board has broad discretion as to how hearings are conducted, and the Board previously has approved of using video conferencing. *Koehler v. Dep't of Air Force*, 99 M.S.P.R. 82 (2005). Given the administrative judges' heavy caseload and the fact that they are often stationed long distances from employment sites and places that are convenient to parties and witnesses, the use of video conferencing is acceptable absent a showing of specific unfairness in a particular case. While Ms. Toyama argues generally that the video conference format "harmfully compromised" her ability to confront and cross examine witnesses, she has not shown that the video conferencing caused particular unfairness. As for the hearing transcript, we have previously held that hearing tapes satisfy the transcript requirement. *Gearan v. Dep't of Health & Human Servs.*, 838 F.2d 1190, 1191-92 (Fed. Cir. 1988). Ms. Tayoma's contention that the hearing CDs are "impermissibly vague for citation and rebuttal

purposes" is inconsistent with her numerous citations to those recordings throughout her briefs.

We have carefully considered Ms. Toyama's remaining arguments and find them unpersuasive. Accordingly, we affirm.

COSTS

Each party shall bear its own costs.

**AFFIRMED**