NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT NATHAN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2025-1260

---

Petition for review of the Merit Systems Protection Board in No. PH-0432-20-0238-I-1.

---

Decided:  January 7, 2026

---

ROBERT NATHAN, Fairless Hills, PA, pro se.

KAREY LAUREN HART, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by KATHERINE MICHELLE SMITH.

---

Before DYK, PROST, and REYNA, *Circuit Judges.*

PER CURIAM.

Robert Nathan appealed to the Merit Systems Protection Board ("Board") from a decision of the Internal Revenue Service ("IRS") removing him from his position. The Board dismissed his appeal as a sanction for his conduct during the proceedings. We *affirm*.

BACKGROUND

Mr. Nathan, who states that he is a lawyer, was a seasonal Tax Examining Technician at the IRS. On February 28, 2020, Mr. Nathan was removed from his position for unsatisfactory performance. Mr. Nathan appealed his removal to the Board.

The IRS filed a motion to compel discovery from Mr. Nathan, which the Board administrative judge granted on June 24, 2020, and ordered Mr. Nathan to provide responses within ten calendar days. On July 8, 2020, the IRS notified the administrative judge that Mr. Nathan had not complied with the administrative judge's discovery order and requested evidentiary sanctions. After receiving submissions from both parties and conducting a conference on July 14, 2020, the administrative judge granted the IRS's motion and imposed evidentiary sanctions on Mr. Nathan.

The Board scheduled a merits hearing in Mr. Nathan's case for September 24–25, 2020. Due to restrictions related to the COVID-19 pandemic, the hearing was to be held over video conference. Mr. Nathan moved to suspend the proceedings because of the proposed virtual format. The administrative judge held a prehearing telephonic conference on September 17, 2020. During the conference, the administrative judge considered and denied Mr. Nathan's motion to suspend the hearing because he did not demonstrate good cause for doing so.

Following this ruling, the administrative judge asked questions regarding: (1) whether Mr. Nathan wanted to proceed with the hearing or receive a decision on the

written record; (2) whether Mr. Nathan intended to testify at the hearing despite Mr. Nathan's failure to submit a witness list; and (3) whether Mr. Nathan would join a test call to check his video connection prior to the final hearing. Mr. Nathan answers were nonresponsive to the administrative judge's questions.

After Mr. Nathan failed to answer the questions, the administrative judge told Mr. Nathan that he found Mr. Nathan's conduct to be contumacious and that he could be sanctioned if he continued to refuse to respond. The administrative judge gave Mr. Nathan a "final chance" to respond to the three questions and stated that, if Mr. Nathan did not respond, the conference would terminate. S.A. 62.[1] Because Mr. Nathan still did not answer the administrative judge's questions, the conference was terminated.

The same day, the administrative judge issued an "order summarizing the conference call, cancelling [the merits] hearing, and requiring appellant to show cause why this appeal should not be dismissed," relying on both Mr. Nathan's conduct during discovery and at the prehearing conference. S.A. 59. In the order, the administrative judge found that "[Mr. Nathan's] behavior during the conference was not simply obstreperous, but that it rose to the level of contumacious." S.A. 63.

After considering the parties' writing submissions in response to the order, on October 6, 2020, the administrative judge dismissed Mr. Nathan's appeal because he "acted in bad faith when he continued to withhold cooperation during the prehearing conference," which "impeded [the administrative judge's] ability to adjudicate this appeal." S.A. 18. In making his decision, the administrative judge considered "the totality of appellant's conduct,"

---

[1]    Citations to the S.A. refer to the Supplemental Appendix filed by the government in No. 25-1260, Dkt. No. 24.

including Mr. Nathan's "previous intransigence" during discovery. *Id.*

Mr. Nathan petitioned the full Board for review. On October 10, 2024, the full Board denied Mr. Nathan's petition and affirmed the administrative judge's decision based on Mr. Nathan's conduct at the prehearing conference. **[S.A. 1–3.]** Mr. Nathan timely petitions for review of the Board's decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

In Board proceedings, the Board has discretion to "impose sanctions on the parties as necessary to serve the ends of justice." 5 C.F.R. § 1201.43. We will disturb the Board's decision on a matter committed to its discretion only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992). The sanction of dismissal may be warranted for failure to prosecute if an appellant acts in bad faith and repeatedly refuses to comply with Board orders. 5 C.F.R. § 1201.43(b); *see Ahlberg v. Dep't of Health & Hum. Servs.*, 804 F.2d 1238, 1242–43 (Fed. Cir. 1986); *Williamson v. Merit Sys. Prot. Bd.*, 334 F.3d 1058, 1063 (Fed. Cir.2003).

On review, Mr. Nathan makes several arguments. First, Mr. Nathan argues that the Board wrongfully denied his motion to suspend the proceedings due to the proposed virtual format for the merits hearing. Mr. Nathan concedes the Board "was correct" in applying *Koehler v. Dep't of Air Force*, 99 M.S.P.R. 82 (2005), which allows for Board hearings via video conference, but argues that it should be overruled. Pet'rs Br. 8. We have previously recognized the Board's "broad discretion as to how hearings are conducted," and recognized that "the use of video conferencing is acceptable absent a showing of specific unfairness in a particular case." *Toyama v. Leavitt*, 408 F. App'x 351, 353 (Fed. Cir. 2010); *see also Burroughs v. Dep't of Army*,

254 F. App'x 814, 818 (Fed. Cir. 2007). Mr. Nathan does not identify how a hearing via video conference creates unfairness in his particular case. As such, we reject Mr. Nathan's argument that it was error to schedule a video conference.

Second, Mr. Nathan contends the previous hearing proceedings were improper because Congress and the public did not receive notice of the discovery and prehearing conferences and because the conferences were "non-record." Pet'r's Informal Br. 8. There is no requirement for the Board to notify Congress or the public of such prehearing video conferences, nor a requirement to put discovery or prehearing conferences on the record. The administrative judge also pointed out that the scheduled merits hearing "remained open to the public." S.A. 60. We see no abuse of discretion in the administrative judge's decision to reject Mr. Nathan's arguments.

Third, Mr. Nathan argues that the administrative judge's summary of the prehearing conference was incorrect. He contends that there was no contemporaneously transcribed record of the prehearing conference and that the administrative judge "misheard petitioner's words" or did not give the words their intended meaning in his written summary of the prehearing conference. Pet'r's Informal Br. 8. The Board concluded that the administrative judge's written summary complied with the Board's record-keeping requirements and apparently concluded that the administrative judge's written summary was accurate because of "the presumption of honesty and integrity that accompanies administrative adjudicators." S.A. 3; *see Withrow v. Larkin*, 421 U.S. 35, 47 (1975). We see no error in the Board's conclusions. In any event, Mr. Nathan's purported transcription of the prehearing conference in his response to the Board's September 27, 2020, order to show cause supports the events described in the administrative judge's written summary.

Fourth, Mr. Nathan argues that the administrative judge did not properly warn him that his appeal could be dismissed. In light of the administrative judge's repeated warnings at the prehearing conference, we see no error in the Board's conclusion that "the administrative judge provided appropriate prior warning, allowed a response to the proposed sanction, and documented the reasons for the sanction." S.A. 3.

Finally, Mr. Nathan contends the full Board erred in not determining whether the administrative judge erred in relying on Mr. Nathan's previous discovery violations in dismissing Mr. Nathan's appeal. The full Board, however, affirmed the administrative judge's dismissal of the appeal for Mr. Nathan's conduct at the prehearing conference. In concluding "that the appellant acted in bad faith by repeatedly refusing to answer straightforward questions that were necessary for further adjudication of the appeal," the full Board satisfied the standard for imposing the sanction of dismissal. S.A. 3; *see* 5 C.F.R. § 1201.43(b). As a result, the full Board properly determined that Mr. Nathan's challenges to the evidentiary sanctions were moot. We see no abuse of discretion in the Board's dismissal of the appeal in this respect.

We conclude that the Board did not err in dismissing Mr. Nathan's appeal as a sanction for his conduct during the prehearing proceedings. We have considered Mr. Nathan's remaining arguments and find them unpersuasive.

**AFFIRMED**

COSTS

No costs.