George NOBLE, Petitioner,

v.

TENNESSEE VALLEY AUTHORITY, Respondent.

Appeal No. 88–3436.

United States Court of Appeals, Federal Circuit.

June 6, 1989.

Rehearing Denied Aug. 7, 1989.

Jay E. Emerson, Jr. and Higgs & Conchin, Huntsville, Ala., for petitioner.

Ronald E. Klipach, Tennessee Valley Authority, Knoxville, Tenn., for respondent.

With him on the brief were Edward S. Christenbury, Gen. Counsel, Justin M. Schwamm, Sr., Asst. Gen. Counsel and Harriet A. Cooper, Sr. Litigation Atty.

Before FRIEDMAN and RICH, Circuit Judges, and BENNETT, Senior Circuit Judge.

BENNETT, Senior Circuit Judge.

Petitioner Noble appeals the final decision of the Merit Systems Protection Board (MSPB), No. AT03518810283, June 24, 1988, which sustained the action of the Tennessee Valley Authority (TVA) in separating petitioner by a reduction in force (RIF) in 1985 and in rejecting his claims of discrimination. We remand on other grounds.

## OPINION

In the present appeal, petitioner abandons challenges he made to the MSPB about the RIF and discrimination. Instead, he asserts that the MSPB erred when it did not require the TVA to rehire him on the basis of his rights under the Veterans Preference Act (VPA) of 1944, as amended. This matter was not addressed in the MSPB opinion, although it was one basis for his appeal to the MSPB, so stated four times therein. It is uncontested that Noble is a veteran as defined by law. 5 U.S.C. § 2108 (1982), and entitled to veteran's preference. 5 U.S.C. §§ 3501–3502 (1982).

We have held heretofore that positions with the TVA are excepted ones generally not subject to civil service laws as they pertain to the competitive service. *Dodd v. TVA*, 770 F.2d 1038, 1040 (Fed.Cir.1985).* However, we also held that the fact an employee of TVA is in an excepted position does not diminish his veteran's retention preference rights over nonpreference employees. *Id.* at 1041 n. 6. Whether these

rights were violated here was not the subject of findings by the MSPB.

The TVA casts this case as one where the issue, as pertains to veteran's preference, is not *retention* over employees who were not veterans but were nevertheless retained over Mr. Noble. Rather, it says that the issue is whether having been laid off in a RIF petitioner had any rights to be *rehired* over RIF'd nonpreference employees. Upon this thesis, TVA concludes that the VPA does not apply and that neither the MSPB nor the court has jurisdiction over rehiring claims. It is well settled that one cannot claim back pay or restoration to a position from which he was legally separated or to which he was never appointed in the first place, unless some statute provides otherwise. Rejection by the administrative judge at a prehearing conference of any jurisdiction over the veteran's preference rehiring claim was, however, without any explanation.

The TVA in its brief and argument, concedes that in 1945 the Civil Service Commission, predecessor to the Office of Personnel Management, agreed with TVA that requirements of the VPA would be met within TVA which would, however, maintain its own personnel system separate from civil service. Accordingly, petitioner relies on the first two statutes quoted below. Title 5 U.S.C. § 3315 (1982) provides in part:

(a) A preference eligible who has been separated or furloughed without delinquency or misconduct, on request, is entitled to have his name placed on appropriate registers and employment lists for every position for which his qualifications have been established, *in the order named by section 3313 of this title. This subsection applies to registers and employment lists maintained by the*

---

* The Tennessee Valley Authority did not challenge MSPB jurisdiction in *Dodd v. TVA*, 770 F.2d 1038 (Fed.Cir.1985), as it does here. Petitioner there lost his position by a reduction in force and invoked retention preference as a veteran under 5 U.S.C. § 3502(c) (1982). It was held that he occupied a single-person competitive level where there were no employees against whom he could compete for retention and that the section did not apply to him. Further, it was held that while the Office of Personnel Management had adopted a regulation treating some competitive and excepted employees differently, the regulation did not violate the Veterans Preference Act in the context of the Dodd claim. This is not an issue raised by the parties in the present case which has different facts.

*Office of Personnel Management, an Executive agency, or the government of the District of Columbia.* [Emphasis added.]

Title 5 U.S.C. § 3316 provides:

On request of an appointing authority, a preference eligible who has resigned or who has been dismissed or furloughed may be certified for, and appointed to, a position for which he is eligible *in the competitive service, an Executive agency, or the government of the District of Columbia.* [Emphasis added.]

Title 5 U.S.C. § 3313, referenced in section 3315, above, but not a section cited by petitioner, reads:

The names of applicants who have qualified in examinations for the competitive service shall be entered on appropriate registers or lists of eligibles in the following order—

(1) for scientific and professional positions in GS–9 or higher, in the order of their ratings, including points added under section 3309 of this title; and

(2) for all other positions—

(A) disabled veterans who have a compensable service-connected disability of 10 percent or more, in order of their ratings, including points added under section 3309 of this title; and

(B) remaining applicants, in the order of their ratings, including points added under section 3309 of this title.

The emphasized portions of sections 3315 and 3316 are not included in petitioner's brief.

 It appears from the foregoing that petitioner Noble, a cement mason who is not alleged to have been in the competitive service, or to have been on a competitive register for such employees, or to have taken any examination for his employment, cannot, without more, draw much comfort from the foregoing statutes. Yet, it is equally clear that the fact Noble held an excepted position has no effect whatever on his retention preference rights which apply to *each employee* of an Executive agency and which by definition include an Executive department, government corporation, and independent establishment, i.e.,

the TVA. 5 U.S.C. §§ 105, 3501(b) (1982). It cannot be disputed, and is not disputed, that the historic legislative policy in this nation has been to favor military veterans over nonveterans in employment by the federal government. Since the earliest days to the present this preference has constantly been expanded by law and in our considered judgment pertains both to preference in retention and to rehiring and to competitive and excepted positions. *See Dodd,* 770 F.2d at 1041 n. 7; *cf. United States v. Fausto,* 484 U.S. 439, 108 S.Ct. 668, 672–73, 98 L.Ed.2d 830 (1988) (preference eligible employees can appeal to MSPB and the Federal Circuit under the Civil Service Reform Act of 1978). *Hilton v. Sullivan,* 334 U.S. 323, 339, 68 S.Ct. 1020, 1027–28, 92 L.Ed. 1416 (1948) (veteran preference is absolute). Viewing the statutes as a whole and with historic perspective, the distinction between the foregoing terms becomes artificial, untenable, and contrary to congressional intent as to veterans.

The TVA and Noble agree that the court must consider whether petitioner's claim that TVA's failure to rehire him for an excepted service position violated his rights under the Veterans Preference Act of 1944. TVA, however, goes two steps further. First, it has challenged the jurisdiction of the MSPB and hence of this court to consider the rehiring claim. Second, assuming that we decide there was jurisdiction in the MSPB, it is urged the court should not remand but should affirm the MSPB decision. This is because TVA asserts that the "undisputed record" shows petitioner has not demonstrated his preference rights were violated. As we have noted, the MSPB's opinion did not discuss the VPA or the merits of Noble's claim thereunder.

On the issue of MSPB jurisdiction, TVA correctly states that the relevant regulation defining the categories of cases and issues that fall within the MSPB's appellate jurisdiction is 5 C.F.R. § 1201.3 (1988), which reads in pertinent part:

(a) *Appellate jurisdiction generally.* The Board has jurisdiction over appeals from agency actions when the appeal is

authorized by law, rule, or regulation. This appellate jurisdiction includes:

. . . .

(13) Employment of another applicant when an appellant is entitled to priority employment consideration after reduction in force or partial or full recovery from a compensable injury (5 CFR 302.-501, 5 CFR 330.202)[.]

We note that section 302.501 which deals with personal injury situations is not relevant here. Section 330.202 is with reference to reemployment priority list appeals only within the competitive service. TVA concludes that none of the foregoing provides the MSPB with jurisdiction of the present claim for preference to a position in the excepted service. The TVA does not attempt to reconcile its interpretation of nonapplicability with the cited statutory definitions which extend retention and/or reemployment preference to "each employee" without qualification. 5 U.S.C. §§ 105, 3501(b) (1982).

▮ We hold that the overriding intent of the Veterans Preference Act negates any viable distinction between the terms retention, hiring, or rehiring when it comes to the jurisdiction of the MSPB in veteran preference cases. We hold that the MSPB has jurisdiction of the preference claim of "each employee," competitive or excepted. We further hold as a matter of law that a proper preference claim was raised in petitioner's appeal to the MSPB in this case, as shown by the text thereof furnished to the court by the TVA in the appendix to its brief. Although mentioned four times in that appeal the issue was not addressed by the MSPB as it should have been. The TVA brief now concedes that petitioner did raise the rehiring issue as affected by the VPA. The MSPB must address this.

Petitioner failed to file a reply brief but at oral argument did dispute key facts asserted now by TVA which were not the subject of MSPB findings. Accordingly, we cannot review those facts on the present record, as already stated herein. Cogent but disputed arguments by the parties will not substitute for findings. This appellate court does not try or find the facts. Our authority is only to review, as limited by 5 U.S.C. § 7703(c) (1982). We reject the view that only a question of law remains to be decided in this case. Petitioner should have the opportunity to establish facts before MSPB to show, among other things, that required procedures were invalid or, if not invalid, were properly followed by petitioner in asserting his veterans preference in a timely way; that TVA did not properly apply its procedures to him; and that he was not accorded full preference required by the facts and the law and is entitled to the reinstatement, back pay, and costs he claims. The case is remanded for further proceedings consistent with this opinion.

REMANDED.