NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3276

MILO D. BURROUGHS,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Milo D. Burroughs, of Yelm, Washington, pro se.

David A. Harrington, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. On the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Kathryn A. Bleecker, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3276

MILO D. BURROUGHS,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

_____

DECIDED:  November 9, 2007

_____

Before MICHEL, <u>Chief Judge</u>, BRYSON, <u>Circuit Judge</u>, and FOGEL, <u>District Judge</u>.[*]

PER CURIAM.

## DECISION

Milo D. Burroughs appeals from a decision of the Merit Systems Protection Board, Docket No. DA-3443-06-0648-I-1, in which the Board rejected Mr. Burroughs' claim that his employer, the Department of the Army, violated the anti-discrimination

---

[*]         Honorable Jeremy Fogel, District Judge, United States District Court for the Northern District of California, sitting by designation.

provision of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4311. We affirm.

BACKGROUND

Mr. Burroughs, a decorated military veteran, applied for the position of Lead Aerospace Engineer at the Corpus Christi, Texas, Army Depot in 2004. He was one of 17 candidates who were referred to a three-member screening committee. The committee was charged with the responsibility of reviewing the applications and ranking the candidates. After completing the ranking, the committee referred 11 of the 17 candidates to a selection panel for interview and further consideration. Mr. Burroughs was not one of the 11 who were referred to the selection panel.

Mr. Burroughs filed a complaint alleging that he had been discriminated against based on his age (he was 76 years old at the time). An administrative judge with the Equal Employment Opportunity Commission found no age discrimination and entered judgment for the agency.

Following the rejection of his age discrimination complaint, Mr. Burroughs filed this action under USERRA with the Merit Systems Protection Board, contending that he had been discriminated against because of his prior military service. The administrative judge who was assigned to the case conducted an evidentiary hearing by videoconference at which Mr. Burroughs and all three members of the screening committee testified. Following the hearing, the administrative judge entered an order denying Mr. Burroughs' claim.

The administrative judge found that the three members of the screening committee "each credibly testified that the appellant's veteran status was not a factor

that they considered in determining whether to include him among the applicants selected for further consideration." The administrative judge recited in detail the explanations given by each committee member for his or her assessment of Mr. Burroughs' qualifications for the position and concluded that there was no evidence that their accounts "do not accurately reflect the panel members' assessment of the appellant's qualifications for the subject vacancy." The administrative judge concluded that Mr. Burroughs "failed to show that it is more likely true than not that, because of his service in the uniformed services, the agency did not refer him for an interview for the position of Lead Aerospace Engineer." Accordingly, the administrative judge found no violation of USERRA.

When the full Board denied Mr. Burroughs' petition for review, the administrative judge's initial decision became the final decision of the Board. Mr. Burroughs now petitions for review by this court.

DISCUSSION

Mr. Burroughs plainly feels that his application for the position with the Department of the Army was not given fair consideration, and that if it had been, he would have been selected. However, it is Mr. Burroughs' burden to show not simply that the agency improperly failed to select him for the position, but that its failure to do so was attributable to discrimination against him because of his status as a veteran. After an evidentiary hearing, the Board's administrative judge concluded that Mr. Burroughs had not proved discrimination based on prior military service. We are satisfied that the Board's conclusion is supported by substantial evidence and therefore must be upheld. Thus, although Mr. Burroughs points to various aspects of the

selection process that he considers to have been flawed, he has failed to show that the flaws in the process were in any way caused by discrimination based on his status as a veteran, which was the only issue before the Board in this USERRA appeal and is the only issue before us.

Mr. Burroughs asserts that the selection process was flawed in several respects. In particular, he contends, first, that the screening committee members made errors in the way they evaluated his application and, second, that they effectively denied him the benefits of the veterans' preference to which he was entitled.

As to whether the committee members committed errors in evaluating his application, he is not entitled to relief simply upon showing that the selection process was flawed. Even if he could show that he was the best candidate and should have been selected but for evaluation mistakes made by the committee, his claim under USERRA would not succeed unless he could show that those errors were motivated by animus against him based on his prior military service. USERRA ensures, inter alia, that an employer will not discriminate against an applicant "on the basis of . . . performance of [military] service." 38 U.S.C. § 4311(a). That is, a veteran is entitled to relief under USERRA if the veteran can show that his military service was "a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such [service]." Id. § 4311(c)(1). The key element of a claim under USERRA thus is discrimination on the basis of military service; it is not enough to show simply that the claimant is a veteran and should have been selected for a particular position, but was not. To be sure, the prohibited discrimination can be proved by circumstantial evidence. Therefore, evidence such as the failure to select a

veteran who was plainly qualified may help support a claim of discrimination, but it is not by itself sufficient to satisfy USERRA. See Sheehan v. Dep't of the Navy, 240 F.3d 1009, 1013-14 (Fed. Cir. 2001).

In this case, the Board's administrative judge heard testimony from Mr. Burroughs and from all three members of the screening committee, as well as from an agency human relations officer. Based on that evidence, the administrative judge found that the committee members' explanations for their decision not to forward Mr. Burroughs' name to the selection committee were credible; for that reason, the administrative judge rejected Mr. Burroughs' assertions that the selection committee's true motivation was to discriminate against Mr. Burroughs based on his status as a veteran and that his prior military service was the true reason he was not hired. In making that determination, the administrative judge was properly focused on the legal issue raised by Mr. Burroughs' USERRA appeal. Because there is nothing in the record to suggest anti-veteran animus on the part of the screening committee in particular, and the agency as a whole—other than the fact that Mr. Burroughs was not referred to the selection committee and ultimately selected—we hold that the administrative judge's finding that Mr. Burroughs failed to prove a violation of USERRA is supported by substantial evidence.

Mr. Burroughs' second argument is that the selection process effectively denied him the benefit of the veterans' preference to which he was entitled. The problem with that argument is that claims regarding the improper crediting of the veterans' preference are properly raised under the Veterans Employment Opportunities Act ("VEOA"), 5 U.S.C. § 3330a. Such claims are not within the reach of USERRA, except to the extent

that the denial of veterans' preference credit to which an applicant is entitled may be some evidence of anti-veteran animus. Except in that respect, USERRA is not directed at enforcing the rights of veterans to be given preference over non-veterans. See Gaston v. Peace Corps, 100 M.S.P.R. 411, 413 (2005) ("USERRA does not provide that veterans will be treated better than non-veterans."); Fahrenbacher v. Dep't of the Navy, 85 M.S.P.R. 500, 510 (2000) (stating, in response to the argument that the failure to afford the appellants veterans' preference shows discrimination: "To establish discrimination, the appellants must show that they were treated more harshly than non-veterans. The fact that they were not treated better than non-veterans does not show discrimination."), aff'd sub nom. Sheehan v. Dep't of the Navy, 240 F.3d 1009 (Fed. Cir. 2001).

In this case, Mr. Burroughs declined to pursue a claim under the VEOA, which would have required him to seek an administrative remedy from the Department of Labor before appealing to the Board. The administrative judge specifically inquired whether Mr. Burroughs intended to pursue his rights under the VEOA, noting that his appeal might fall under both the VEOA and USERRA. In response, Mr. Burroughs stated that he had not filed a complaint with the Department of Labor and had "no intention of doing so." For purposes of this proceeding, he therefore clearly waived his rights under the VEOA. Accordingly, the asserted failure of the agency to accord him his veterans' preference rights is relevant only to the extent that it can be deemed to provide evidentiary support for his claim that the agency was motivated by his prior military service to deny him the position he sought. Because the administrative judge concluded, based on credible testimony from all three members of the screening

committee, that they made their decision based on the merits of the applicants, as they perceived them to be, the administrative judge rejected the claim that the three selection committee members testified falsely and instead sought to disqualify Mr. Burroughs from the position because of his prior military service. In the absence of any other evidence suggesting anti-veteran animus, the claim that the selection process effectively denied Mr. Burroughs the benefit of the veterans' preference is not enough to overcome the administrative judge's finding, based on the entire record before her, that the decision not to select Mr. Burroughs was not motivated by anti-veteran bias.

Mr. Burroughs also raises objections to various aspects of the procedure employed by the administrative judge in conducting the hearing on his claim. He objects to the fact that the hearing was held by videoconference rather than in person and that one witness was allowed to testify by telephone. Given the heavy workload of the Board's administrative judges and the fact that the administrative judges are often stationed long distances from employment sites and places that are convenient to parties and witnesses, the Board has approved the use of video-conferencing, <u>Koehler v. Dep't of Air Force</u>, 99 M.S.P.R. 82 (2005), a practice that we think is acceptable absent a showing that it resulted in specific unfairness in a particular case. As to the witness who apparently testified by telephone, Mr. Burroughs has not made any showing that he was prejudiced by the administrative judge's decision to proceed in that manner with respect to that witness, who was apparently otherwise unavailable.

Mr. Burroughs also objects to the administrative judge's refusal to permit him to call other witnesses, including the chief of an Army helicopter maintenance operation, who could testify about the work involved in the position in question, and two witnesses

who, according to Mr. Burroughs, would have enabled him to show that the selection process used in this case was "an invalid employment practice." Mr. Burroughs' arguments here appear to be predicated, however, on his view that the subject of the appeal before the Board was whether he was qualified for the position and should have been selected, rather than whether the agency discriminated against him based on his status as a veteran. To the extent that he has indicated the subject matter about which those witnesses would have testified, it is clear that their testimony would have been of only the most marginal potential relevance to the discrimination issue, which the administrative judge properly held to be the only issue presented for decision in the USERRA appeal.

In sum, with regard to the only issue before the Board—whether Mr. Burroughs showed that the agency discriminated against him based on his prior military service—the administrative judge's determination is supported by substantial evidence, and Mr. Burroughs has not shown that he was prejudiced in his effort to make the requisite showing by any of the procedures employed by the administrative judge prior to or in the course of the Board's hearing.