NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**MILO D. BURROUGHS,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent,*

**and**

**DEPARTMENT OF TRANSPORTATION,**
*Intervenor.*

---

2010-3180

---

Petition for review of the Merit Systems Protection Board in case no. DA4324100311-I-1.

---

Decided: April 8, 2011

---

MILO D. BURROUGHS, of Yelm, Washington, pro se.

JEFFREY A. GAUGER, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M.

EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

VINCENT D. PHILLIPS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before GAJARSA, SCHALL, and PROST, *Circuit Judges*.

PER CURIAM.

This case arises from the Merit Systems Protection Board's ("Board") dismissal for lack of jurisdiction of Milo D. Burroughs's appeal of his non-selection for employment. *Burroughs v. Dep't. of Transp*, DA-4324-10-0311-I-1, slip. op. at 6 (M.S.P.B. July 14, 2010) ("*Initial Decision*"). For the reasons discussed below, we *affirm* the Board's decision.

## BACKGROUND

Mr. Burroughs is an honorably discharged veteran of the United States Air Force. In June 2009, the Federal Aviation Administration ("FAA"), an administration of the Department of Transportation ("Agency"), announced vacancies for Aviation Safety Inspectors in Fort Worth and San Antonio, Texas. The Agency advertised the positions under two vacancy announcement numbers: one for internal candidates and one for external candidates. Mr. Burroughs applied for the positions under the external vacancy announcement, but he was not selected.

Following his non-selection, Mr. Burroughs filed a claim with the Department of Labor ("DOL") alleging that

the Agency violated his veterans' preference rights. In October 2009, the DOL denied Mr. Burroughs's claim, finding that he did not present evidence that the Agency violated his veterans' preference rights.

On March 16, 2010, Mr. Burroughs filed an appeal to the Board alleging the Agency violated his veterans' preference rights by denying him five veterans' preference points. Mr. Burroughs claimed the Board had jurisdiction over his appeal under the Veterans Preference Act of 1944, ch. 287, 58 Stat. 387 ("VPA").[1] *Initial Decision* at 3. The Administrative Judge ("AJ") dismissed the appeal for lack of jurisdiction, finding the VPA does not confer jurisdiction upon the Board to entertain appeals when an individual believes the law has been violated. *Id.* at 5. Mr. Burroughs did not seek review by the full Board, and the AJ's decision became final on August 18, 2010. Mr. Burroughs filed a timely appeal to this court. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

STANDARD OF REVIEW

Our review of the Board's decisions is limited under 5 U.S.C. § 7703(c). By statute, we must affirm the Board's holding unless it is found to be: (1) arbitrary, capricious,

---

[1]   Mr. Burroughs previously filed an appeal to the Board alleging a violation of his veterans' preference rights under the Veterans Employment Opportunities Act ("VEOA"). *Burroughs v. Dep't of Transp.*, DA-3330-10-0036-I-1 (M.S.P.B. Dec. 2, 2009). The Administrative Judge dismissed that appeal, finding that the Board did not have jurisdiction because the VEOA does not apply to the FAA, citing *Morse v. Merit Sys. Prot. Bd.*, 621 F.3d 1346, 1351 (Fed. Cir. 2010). In the present case, Mr. Burroughs made unequivocally clear that he "does not allege jurisdiction under the VEOA" and that "this appeal is not a VEOA appeal." R.A. at 22, 23.

an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which this court reviews *de novo. Forest*, 47 F.3d at 410.

## DISCUSSION

The Board's jurisdiction is not plenary, but is limited to actions made appealable to it by law, rule, or regulation. *Roche v. United States Postal Serv.*, 828 F.2d 1555, 1557 (Fed.Cir.1987); *see also* 5 U.S.C. § 7701(a); 5 U.S.C. § 1204(a)(1). When an individual appeals to the Board, he or she has the burden of proving—by a preponderance of the evidence, i.e., the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue—that the board has jurisdiction. *See* 5 C.F.R. §§ 1201.56(a)(2), (c)(2).

Mr. Burroughs claims that the Board has jurisdiction over his appeal under the VPA. The provisions of the VPA provide qualifying veterans various preferences in applying for and maintaining civil service positions within the competitive and excepted services. *See* 5 U.S.C. § 2108, 3308-3320; 5 C.F.R. §§ 302.101-302.403. Eligibility for veterans' preferences is governed by 5 U.S.C. § 2108, while the preferences that veterans are entitled to are articulated in 5 U.S.C. §§ 3308-3320.

Here, Mr. Burroughs argues that Section 14 of the VPA, as originally enacted, provides the Board with jurisdiction over his claim. The original statutory language of Section 14 established a right of appeal to the Civil Service Commission—the predecessor of the Board—

for adverse actions such as discharge, suspension for more than thirty days, furlough without pay, reduction in rank or compensation, and debarment from future employment. *See* 58 Stat. at 390. Notably, this provision did not include a right of appeal for non-selection, which is the type of claim Mr. Burroughs is attempting to bring before the Board.[2] Further, appealable adverse actions are currently set forth at 5 U.S.C. § 7512 and do not include non-selections and other hiring issues.[3] *Cf. Prewitt v. Merit Syst. Protection Bd.*, 133 F.3d 885, 886-87 (Fed. Cir. 1998). Therefore, the Board does not have jurisdiction under either the original statutory provision or 5 U.S.C. § 7512, where appealable adverse actions are currently codified.

Mr. Burroughs cites the panel opinion in *Noble v. Tennessee Valley Authority*, 876 F.2d 1580 (Fed. Cir. 1989), in support of his position that the Board had jurisdiction under the VPA. In *Noble*, the petitioner filed an

[2] Mr. Burroughs references the phrase "debarred for future appointment" as the basis of his claim. Petitioner's Br. at 4, 5. But "debarment" refers to a prohibition on hiring. *See, e.g.*, *Peters v. Hobby*, 349 U.S. 331, 337 (1955); *Powers v. United States*, 169 Ct. Cl. 626 (1965). We do not believe that non-selection for a given position constitutes being "debarred for future appointment" as that phrase was used in the VPA.

[3] The first 168 words of Section 14 of the VPA were initially codified at 5 U.S.C. § 863. *See* 5 U.S.C. § 863 (1952). The codification was subsequently moved to 5 U.S.C. § 7512, with certain definitions set forth in 5 U.S.C. § 7511, and enacted into positive law. Act of Sept. 6, 1966, Pub. L. No. 89-554, 80 Stat. 378, 528; *see also* H.R. Rep. No. 89-901, at 133 (1965). The remainder of Section 14 of the VPA was codified at 5 U.S.C. §§ 3315 and 7701. *See* H.R. Rep. No. 89-901, at 217. Section 14 of the VPA, as originally enacted, was repealed. 80 Stat. at 632, 652; *see also* H.R. Rep. No. 89-901, at 209, 217.

appeal to the Board alleging that the Tennessee Valley Authority illegally failed to recognize his reemployment rights under the VPA. *Id.* at 1581. But on rehearing en banc, this court held that the Board did not have jurisdiction over the appeal because the petitioner "cited no 'law, rule, or regulation' authorizing an appeal to the MSPB . . . and none exists." *Noble v. Tenn. Valley Authority*, 892 F.2d 1013, 1015 (Fed. Cir. 1989) (en banc). Like the petitioner in *Noble*, Mr. Burroughs does not cite any law, rule, or regulation authorizing his appeal, and therefore he failed to carry the burden of proving that the Board may exercise jurisdiction over his claim.[4]

This court has consistently held that authority for the Board to entertain claims of veterans' preference violations stems from 5 U.S.C. § 3330a, a provision of the VEOA. *Patterson v. Dep't of Interior*, 424 F.3d 1151, 1155 (Fed. Cir. 2005); *Campion v. Merit Sys. Prot. Bd.*, 326

---

[4] Mr. Burroughs also directs the court's attention to a case in the United States District Court for the Eastern District of Virginia, variously identified as *Burroughs v. United States* or *Burroughs v. Hampton*, No. 106-71-N, in support of his claim that the Board has jurisdiction under the VPA. Mr. Burroughs does not provide a citation to a published opinion, and the court was unable to locate the case in the electronic databases to which the court has access. Because the case is apparently unpublished, Mr. Burroughs was required to submit a copy of the associated "opinion, order, judgment, or other written disposition" with his brief. Fed. R. App. P. 32.1(b). Instead, Mr. Burroughs submitted only a "Certificate of Settlement" from the General Accounting Office that references the case that he cited. The court nevertheless contacted the clerk's office in the Eastern District of Virginia, but we were unable to locate any records regarding the cited case. Regardless, because an unrelated district court case is in no way binding upon this court, we do not think that our inability to review Mr. Burroughs's previous case is of practical significance.

F.3d 1210, 1213 (Fed. Cir. 2003); *Lapuh v. Merit. Sys. Prot. Bd.*, 284 F.3d 1277, 1279 (Fed. Cir. 2002). However, Mr. Burroughs's appeal is expressly premised on the VPA, and we conclude that he failed to carry his burden of proving the Board has jurisdiction under that statute.

CONCLUSION

Accordingly, because the Board correctly determined that it lacked jurisdiction over Mr. Burroughs appeal, we affirm.

No Costs.