NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MILO D. BURROUGHS,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent.*

---

2011-3141

---

Petition for review of the Merit Systems Protection Board in case no. AT3330100892-I-1.

---

Decided: October 18, 2011

---

MILO D. BURROUGHS, of Yelm, Washington, pro se.

VINCENT D. PHILLIPS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before RADER, *Chief Judge*, PROST and MOORE, *Circuit Judges*.

PER CURIAM.

Petitioner Mr. Milo D. Burroughs appeals from the final order of the Merit Systems Protection Board ("Board") dismissing some of his claims for lack of jurisdiction and denying others. *Burroughs v. Dep't of the Army*, No. AT3330100892-I-1, slip. op. at 2 (M.S.P.B. Mar. 25, 2011). For the reasons discussed below, we *affirm* the Board's decision.

## BACKGROUND

Mr. Burroughs, an honorably discharged veteran of the United States Air Force, applied for a position as an aerospace engineer with the Department of Defense ("agency")—one of at least 162 agency positions he has applied for since 2003. The advertised position required, among other things, a bachelor's degree or equivalent experience with the skills necessary to understand the theoretical and practical intricacies of the engineering disciplines as well as the physical and mathematical science underlying professional engineering. A list of candidates was forwarded to the selecting official, on which Mr. Burroughs was listed as the second alternate. He, however, was not selected for the position.

Mr. Burroughs filed a complaint regarding his non-selection with the Department of Labor asserting a violation of his preference rights by the agency's inclusion of a minimum education requirement in the job posting. The Labor Department found his claim meritless.

Thereafter, he filed a complaint with the Board alleging violation of his preference rights because (1) he was

improperly passed over, (2) the agency failed to apply his preference points, and (3) the agency denied him a right to compete. He also reasserted his claim regarding the improper inclusion of a minimum educational requirement. The administrative judge denied all but the minimum education requirement claim, which was not addressed in the initial decision.

Mr. Burroughs petitioned for review by the full Board. The Board dismissed his claims of improper passover, failure to apply veterans' preference points, and denial of his right to compete based on his failure to exhaust administrative remedies as required by the Veterans Employment Opportunities Act of 1998 ("VEOA"). The Board further denied his alternative argument that the Veterans' Preference Act of 1944 ("VPA") grants it jurisdiction over his claim without regard the jurisdictional requirements of the VEOA. Finally, the Board denied his request for corrective action regarding his arguments that the agency's job posting improperly imposed a minimum education requirement and was improperly posted according to merit promotion procedures. This petition for review followed and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

STANDARD OF REVIEW

We must affirm a Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review questions of law and determinations of jurisdiction without deference to the Board. *Carley v. Dep't of the Army*, 413 F.3d 1354, 1356 (Fed. Cir. 2005).

DISCUSSION

Mr. Burroughs asserts that the Board incorrectly dismissed his claims of improper passover, denial of preference points, and denial of the right to compete for lack of jurisdiction because he failed to exhaust his administrative rights before the Labor Department. We disagree with Mr. Burroughs. In a letter to the Labor Department, he failed to assert his passover, preference points, and competition claims in relation to his non-selection for the engineering position. Rather, he asserted a single claim regarding the allegedly improper inclusion of an educational requirement listed with the job description. Because he failed to comply with VEOA procedure and notify the Labor Department with respect to these claims, the Board does not have jurisdiction. 5 U.S.C. § 3330a(d).

Alternatively, Mr. Burroughs argues that section 14 of the VPA provides independent jurisdiction over these claims, irrespective of whether he exhausted his administrative remedies. As this court has twice explained in appeals brought by Mr. Burroughs, "[t]he VPA does not provide an independent source of [Merit Systems Protection Board] jurisdiction over [his] appeal." *Burroughs v. Merit Sys. Prot. Bd.*, No. 2011-3021 (Fed. Cir. June 13, 2011); *see also Burroughs v. Merit Sys. Prot. Bd.*, No. 2010-3180 (Fed. Cir. Apr. 8, 2011). We are not persuaded by his argument that the Board's denial of jurisdiction effected a denial of due process. It is Mr. Burroughs who failed to fully and completely exercise his process rights.

Next, Mr. Burroughs argues that the agency unlawfully included a minimum education requirement in its job posting for the aerospace engineer position. His argument, however, is rebutted by the plain text of the

controlling statute, 5 U.S.C. § 3308, which explains that the Office of Personnel Management ("OPM") may impose a minimum education requirement when it "decides that the duties of a scientific, technical, or professional position cannot be performed by an individual who does not have a prescribed minimum education." The aerospace engineer position is designated by OPM as one which requires scientific or technical knowledge.[1] Thus, we affirm the Board's determination that the agency properly included a minimum educational requirement because it is in accordance with law. *Id.*

Mr. Burroughs next argues that the agency's job posting violated his veterans' preference because it was listed under the merit promotion procedure, which is used when an agency intends to fill a position from within the agency or with a competitive service employee. Because the job was posted under the merit promotion process, Mr. Burroughs did not receive the benefit of his veterans' preference points, which would apply to an application to the same position listed under the competitive service process. The Board determined that the agency did not violate veterans' preference by issuing the vacancy announcement under the merit protection procedures.

An agency can choose to fill a vacant position by either the competitive service or the merit promotion processes. 5 C.F.R. § 330.101 ("An appointment officer may fill a position in the competitive service by any of the methods authorized in this chapter."). A preference eligible veteran is not entitled to veterans' preference as

---

[1] The aerospace engineer position is listed under code 0861, which is a code that requires specific scientific or technical knowledge.

to selection under the merit promotion process, but receives "a right to apply and an opportunity to compete for [the] position." *Joseph v. Fed. Trade Comm'n*, 505 F.3d 1380, 1383 (Fed. Cir. 2007). Thus, Mr. Burroughs was entitled to "the opportunity to compete for vacant positions" to be filled "under merit promotion procedures." 5 U.S.C. § 3304(f)(1).

He competed because his application for the aerospace engineer position—listed under merit promotion procedures—was considered and he was ranked as the second alternate. The right to compete, however, does not confer a right of selection. Thus, we perceive no reversible error in the Board's conclusion that the agency did not violate veterans' preference by listing the aerospace engineer position under the merit promotion process. *See Dean v. Consumer Prod. Safety Comm'n*, 548 F.3d 1370, 1373 (Fed. Cir. 2008).

CONCLUSION

In sum, there exists no reversible error in the Board's determination that it lacked jurisdiction over the claims that Mr. Burroughs failed to raise to the Labor Department and his claims regarding inclusion of a minimum educational requirement and use of the merit promotion process lacked merit. Accordingly, we affirm.

**AFFIRMED**