NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MILO D. BURROUGHS,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent.*

---

2012-3195

---

Appeal of the Merit Systems Protection Board in No. SF3330120255-I-1.

---

Decided: April 5, 2013

---

MILO D. BURROUGHS, of Yelm, Washington, pro se.

VINCENT D. PHILLIPS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before PROST, REYNA, and WALLACH, *Circuit Judges.*

PER CURIAM.

Milo D. Burroughs, a military veteran, applied for a position as an aerospace engineer in January 2007. While designated as an alternate by the selecting official, Mr. Burroughs was not selected for the job. He appealed his non-selection to the Merit Systems Protection Board ("Board") in a prior action seeking corrective action on the grounds that his non-selection resulted from discrimination on the basis of his military service. Prior to the conclusion of that case, he filed a second Board appeal, also alleging discrimination based on alleged retaliation, which he believed occurred because he had filed numerous previous appeals from other, unrelated non-selections. The appeal currently pending before this court arises from Mr. Burroughs's second Board appeal. We affirm the Board's dismissal of Mr. Burroughs's second appeal.

## BACKGROUND

On January 18, 2007, the Army issued a vacancy announcement for the position of Aerospace Engineer at Fort Lewis, Washington. *Burroughs v. Dep't of the Army*, No. SF-3330-12-0255-I-1, 2012 MSPB LEXIS 1911, at *1 (M.S.P.B. Apr. 4, 2012) ("Board Decision"). Mr. Burroughs timely applied and was designated as "Second Alternate"; because there was only one position to be filled, Mr. Burroughs was not chosen. *Id.* at *2.

Mr. Burroughs filed his first appeal with the Board based on his non-selection for the Fort Lewis job on October 24, 2011. *Burroughs v. Dep't of the Army*, No. SF-4324-12-0050-I-1, 2012 MSPB LEXIS 487 (M.S.P.B. Jan. 26, 2012). In that case, Mr. Burroughs asserted violations of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4311 ("USERRA"), arguing that he had been discriminated against based upon his military service, *id.* at *3; the administrative judge found

that Mr. Burroughs presented no evidence of discrimination whereas the selecting official provided a declaration stating that his decision was not motivated by the applicant's military status, *id.* at *6. The full Board then denied Mr. Burroughs's petition for review, and Mr. Burroughs did not appeal. *Burroughs v. Dep't of the Army*, 118 M.S.P.R. 432 (M.S.P.B. 2012).

Immediately after the initial decision from the first appeal was issued, Mr. Burroughs filed a second Board appeal on January 30, 2012, challenging the same non-selection. Board Decision at *2-3. In this appeal, Mr. Burroughs originally asserted a Veterans Employment Opportunities Act of 1998 ("VEOA") claim, which was later withdrawn. *Id.* at *3-4. Mr. Burroughs then requested "a declaratory ruling" regarding alleged Veterans' Preference Act of 1944 ("VPA") claims and also sought relief for his non-selection under a separate USERRA provision than asserted in his previous Board appeal. *Id.* at *7-10.

On April 4, 2012, the Board issued its decision denying Mr. Burroughs's claim for corrective action under USERRA, finding that Mr. Burroughs had failed to submit any evidence to support his claim of discriminatory animus and finding the sworn declaration of the selecting official demonstrated that it was more likely true than not that Mr. Burroughs's veteran status was not a motivating factor in his non-selection. *Id.* at *8-10. Additionally, the Board determined that it did not have jurisdiction to address Mr. Burroughs VEOA and VPA claims. *Id.* at *4-6.

Mr. Burroughs petitioned the full Board for review of its decision, and the Board denied his petition, finding that he had failed to make a showing of retaliation based on protected USERRA activity. *Burroughs v. Dep't of the Army*, No. SF-3330-12-0255-I-1, 2012 MSPB LEXIS 4797

(M.S.P.B., Aug. 21, 2012). Thus, the full Board adopted the Initial Decision without substantive modifications.

Mr. Burroughs filed a timely appeal; we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

This court must uphold a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Additionally, whether the Board has jurisdiction over a claim is a question of law this court reviews without deference. *Butler v. Soc. Sec. Admin.*, 331 F.3d 1368, 1371-72 (Fed. Cir. 2003).

An employee making a USERRA discrimination claim bears the initial burden of showing, by a preponderance of the evidence, that his military service was a substantial motivating factor in his adverse employment action. *Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001) (internal quotations omitted). "If this requirement is met, the employer then has the opportunity to come forward with evidence to show, by a preponderance of the evidence, that the employer would have taken the adverse action anyway, for a valid reason." *Id.*

In this case, Mr. Burroughs failed to meet his initial burden; as noted by the administrative judge, Mr. Burroughs submitted no evidence of discrimination nor does he submit any such evidence on appeal. Board Decision at *8-10; *see generally* Pet. Br. and Pet. Reply Br.[1] The

---

[1]    Mr. Burroughs's speculation regarding a form letter he received informing him of his non-selection does not constitute evidence of discrimination. *See* Pet. Reply Br. at Tab 2. Additionally, Mr. Burroughs's argument on appeal that the dismissal was improper because the

Army, however, offered a sworn declaration by the selecting authority who stated he "did not discriminate against [the appellant] based on his veterans status or his exercise of any rights he may have under veterans statutes." Board Decision at *9. The selecting authority also stated that he not only did not consider military status as a negative factor but, rather, considered it a positive factor; Mr. Burroughs was not chosen because, ultimately, the selecting authority considered another service member to be more qualified. *Id.* at *8-10.

Additionally, the Board properly determined that it did not have jurisdiction over the VEOA claim as the claim was withdrawn. Board Decision at *4-6. Finally, the Board correctly determined that it did not have jurisdiction over Mr. Burroughs's claim trying to assert rights under the VPA. *Id.* at *6. The VPA defines the various veterans' preference rights and who is entitled to them. *Patterson v. Dep't of Int.*, 424 F.3d 1151, 1155 (Fed. Cir. 2005). The VPA does not, however, provide the Board with authority to hear claims alleging violations of veterans' preference. *Noble v. Tennessee Valley Auth.*, 892 F.2d 1013, 1015 (Fed. Cir. 1999). It is the VEOA not the VPA that "establishes vindication rights for veterans who consider themselves the victims of violations of their preference rights." *Lapuh v. Merit Sys. Pro. Bd.*, 284 F.3d 1277, 1279 (Fed. Cir. 2002).

---

administrative judge afforded too much weight to the selecting official's declaration is beside the mark. Pet. Br. at 3.

CONCLUSION

Because substantial evidence supports the Board's denial of Mr. Burroughs's USERRA claim and because the Board correctly determined it had no jurisdiction over Mr. Burroughs's VPA and VEOA claims, we AFFIRM.

**AFFIRMED**