NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MILO D. BURROUGHS,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent.*

---

2014-3008

---

Petition for review of the Merit Systems Protection Board in No. DA4324130149-I-1.

---

Decided: March 10, 2014

---

MILO D. BURROUGHS, of Yelm, Washington, pro se.

NATHANAEL B. YALE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, BRYANT G. SNEE, Acting Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before RADER, *Chief Judge,* LINN, and TARANTO, *Circuit Judges.*

PER CURIAM.

Milo Burroughs petitions for review of a final decision of the Merit Systems Protection Board that dismissed his claims under the Uniformed Services Employment and Reemployment Rights Act, the Veterans Employment Opportunities Act, and the Whistleblower Protection Act. Because the Board's decision is in accordance with the law and supported by substantial evidence, we affirm the dismissal.

## BACKGROUND

Mr. Burroughs, a decorated military veteran, applied for the position of Lead Aerospace Engineer at the Army Depot in Corpus Christi, Texas, in 2004. He applied for the same position in two ways: he responded both to a general public announcement of the job opening and to an internal government announcement directed to a limited group, including people like Mr. Burroughs who were "reinstatement eligible." J.A. 112. After considering his application, the Army decided not to hire him to fill the position. J.A. 115.

Mr. Burroughs filed a complaint with the Equal Employment Opportunity Commission alleging that the Army had discriminated against him based on his age (76 at the time). An administrative judge found no age discrimination, and the Commission's rejection of his claim became final on August 29, 2006.

On September 7, 2006, Mr. Burroughs filed an action with the Merit Systems Protection Board under the Uniformed Services Employment and Reemployment Rights Act (USERRA), contending that the Army had discriminated against him based on his prior military service. A Board administrative judge held an evidentiary hearing by videoconference, receiving testimony

from Mr. Burroughs and all three members of the Army committee that screened the job applicants. In December 2006, the administrative judge denied Mr. Burroughs's claim. *Burroughs v. Dep't of Army*, No. DA-3443-06-0648-I-1 (M.S.P.B. Dec. 26, 2006). The administrative judge recited in detail the explanations given by each committee member for his or her assessment of Mr. Burroughs's qualifications for the position and concluded that there was no evidence that their accounts "do not accurately reflect the panel members' assessment of the appellant's qualifications for the subject vacancy." *Id.* at 7. The administrative judge concluded that Mr. Burroughs "failed to show that it is more likely true than not that, because of his service in the uniformed services, the agency did not refer him for an interview for the position of Lead Aerospace Engineer." *Id.* Accordingly, the administrative judge found no violation of USERRA. When the full Board denied Mr. Burroughs's petition for review, the administrative judge's initial decision became the final decision of the Board. *Burroughs v. Dep't of Army*, 106 M.S.P.R. 248 (2007).

Mr. Burroughs appealed the Board's decision to this court, which, in November 2007, affirmed the denial of his claim. *Burroughs v. Dep't of Army*, 254 F. App'x 814 (Fed. Cir. 2007). "Because there [was] nothing in the record to suggest anti-veteran animus on the part of the screening committee in particular, and the agency as a whole— other than the fact that Mr. Burroughs was not referred to the selection committee and ultimately selected," this court affirmed the Board's finding that Mr. Burroughs failed to prove a violation of USERRA. *Id.* at 817. Mr. Burroughs filed a petition for writ of certiorari, which the Supreme Court denied. 552 U.S. 1280 (2008).

In 2012, Mr. Burroughs initiated the present action with the Board. He alleged, again, that the agency violated the USERRA by not selecting him in 2004 to fill the position of Lead Aerospace Engineer at the Corpus Chris-

ti, Texas, Army Depot. He also pursued two other claims: (1) that the selection process effectively denied him the benefit of the veterans' preference to which he was entitled under the Veterans Employment Opportunities Act (VEOA), and (2) that the agency retaliated against him in violation of the Whistleblower Protection Act (WPA). On January 30, 2013, the administrative judge issued an Order, informing Mr. Burroughs that his previous Board appeal appeared to bar his USERRA claim under the doctrine of claim preclusion and providing him the opportunity to show why the claim should not be dismissed on that basis. J.A. 57-58. On March 1, 2013, the administrative judge issued two more Orders—one each for his VEOA and WPA claims—stating that "the Board might dismiss" each claim for lack of jurisdiction. J.A. 80, 88. The Orders "provide[d] necessary information concerning the jurisdiction issue[s] and steps [Mr. Burroughs] must take to show that the Board should not dismiss for lack of jurisdiction." J.A. 88.

In April 2006, after giving Mr. Burroughs the opportunity to respond to each of the three Orders, the administrative judge issued an initial decision denying Mr. Burroughs's request for relief. *Burroughs v. Dep't of Army*, No. DA-4324-13-0149-I-1 (M.S.P.B. Apr. 26, 2013). The administrative judge dismissed the USERRA claim as barred by the doctrine of claim preclusion, because the previous Board appeal and the USERRA claim both involved the very same job opening and applicant selection process. The administrative judge dismissed the VEOA and WPA claims for lack of jurisdiction. Mr. Burroughs petitioned the Board for review of the initial decision, and, on September 16, 2013, the Board issued a final decision dismissing each of his claims on the same ground as the administrative judge. *Burroughs*, No. DA-4324-13-0149-I-1 (M.S.P.B. Sept. 16, 2013).

Mr. Burroughs now appeals to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

## DISCUSSION

This court must uphold a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Because we find none of those defects, we affirm the dismissal of Mr. Burroughs's USERRA claim based on claim preclusion and his VEOA and WPA claims for lack of jurisdiction.

We first address Mr. Burroughs's claim under USERRA that the Army, by not selecting him for the position of Lead Aerospace Engineer, discriminated against him because of his military service. The Board rejected the claim based on claim preclusion because Mr. Burroughs challenges the same applicant selection process as was at issue in the previous Board appeal he initiated on September 7, 2006. It is not disputed that the Board may follow normal principles of claim preclusion. Under those principles, a new claim is barred by an earlier final judgment in an earlier proceeding if "(1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first." *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1362 (Fed. Cir. 2000).

Mr. Burroughs does not dispute that his 2006 Board appeal meets the first two preconditions. He focuses only on the third, arguing that claim preclusion is not appropriate here because (1) his previous appeal "was in reference to" a different vacancy announcement number and (2) his previous appeal alleged a violation of 38 U.S.C. § 4311(a), while he now alleges a violation of 38 U.S.C.

§ 4311(b).   Both contentions are without merit.   And because we affirm the Board's finding that claim preclusion bars Mr. Burroughs's USERRA claim, we also affirm the Board's decision not to grant Mr. Burroughs a second hearing on the merits of that claim (the first hearing having occurred during his 2006 Board appeal).

First, substantial evidence supports the Board's finding that Mr. Burroughs's current appeal involves the same set of transactional facts as his 2006 Board appeal, namely, the Army's decision not to hire him to fill the position of Lead Aerospace Engineer at the Corpus Christi, Texas, Army Depot in 2004.   Although Mr. Burroughs contends that his 2006 Board appeal and the present appeal involved different vacancy announcement numbers, he does not dispute that both involve the same open position—for which he applied through both available routes—and the same applicant selection process.   The Board did not err in treating those concrete facts, not the formalities of announcement numbers, as the decisive ones in determining that both appeals involved the same set of transactional facts.

Second, although there is some dispute about whether or not Mr. Burroughs properly presented an allegation of a violation of 38 U.S.C. § 4311(b) in his earlier Board appeal, his claim now is barred regardless.   The crucial fact is that he identifies nothing that prevented him from making that allegation in the first Board appeal.   If the same transactional facts are involved, claim preclusion "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979); *see Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 719 F.3d 1367, 1371 (Fed. Cir. 2013) ("Claim preclusion does not depend on an earlier court's resolution of a particular issue, but prevents a litigant, in certain circumstances, from pressing issues in a second suit that

it could and should have raised in earlier litigation even if it did not."); *Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005) ("[C]laim preclusion forecloses matters that, although never litigated or even raised, could have been advanced in an earlier suit.").

We turn next to Mr. Burroughs's claims under the VEOA and the WPA. The Board dismissed both claims because it found that Mr. Burroughs had not met his burden to establish the Board's jurisdiction over those claims. *See* 5 C.F.R. § 1201.56(a)(2)(1). For his VEOA claim—that the agency improperly credited his veterans' preference—Mr. Burroughs was required to seek an administrative remedy from the Secretary of Labor before appealing to the Board. *See* 5 U.S.C. § 3330a(d); *see also* 5 C.F.R. § 1208.23(a)(4). Because the Board found that Mr. Burroughs "submitted no evidence or argument that he first sought relief from the Secretary of Labor in his VEOA claim," it dismissed his VEOA claim for lack of jurisdiction. *Burroughs*, No. DA-4324-13-0149-I-1, slip op. at 2 (M.S.P.B. Sept. 16, 2013). Mr. Burroughs does not challenge this finding on appeal. We therefore affirm the Board's dismissal.

We also affirm the Board's dismissal of Mr. Burroughs's claim under the WPA. Mr. Burroughs does not allege that he can bring his WPA claim directly to the Board. Instead, he relies on 5 U.S.C. § 1221(a), which creates an individual right of action to seek corrective relief from the Board with respect to certain prohibited personnel actions—including the whistleblower reprisals described in 5 U.S.C. § 2302(b)(8). The WPA requires that, for those personnel actions not otherwise appealable to the Board, an individual must first seek corrective relief from the Office of Special Counsel. *See* 5 U.S.C. § 1214(a)(3). "This court has held that the Board has jurisdiction over an [individual right of action] appeal if the appellant has exhausted his administrative remedies before the [Office of Special Counsel] and makes 'non-

frivolous allegations' that" there has been a violation of the WPA. *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Mr. Burroughs presented a letter from the Office of Special Counsel referring to a complaint in which he alleged that "the agency's decision not to hire" him violated the WPA, *see* J.A. 114, but, as the Board found, the letter does not state what open position was at issue in his complaint or what protected disclosures he allegedly made. Indeed, nothing in the letter demonstrates that Mr. Burroughs's complaint with the Office of Special Counsel involved the selection process for the position of Lead Aerospace Engineer at the Corpus Christi, Texas, Army Depot in 2004, as opposed to one of the numerous other applicant selection processes he has challenged. *See Burroughs v. Dep't of Army*, 524 F. App'x. 611 (Fed. Cir. 2013) (MSPB No. 2012-3195); *Burroughs v. Merit Sys. Prot. Bd.*, 417 F. App'x. 964 (Fed. Cir. 2011) (MSPB No. 2010-3180); *Burroughs v. Merit Sys. Prot. Bd.*, 426 F. App'x. 897 (Fed. Cir. 2011) (MSPB No. 2011-3021); *Burroughs v. Dep't of Army*, 428 F. App'x. 998 (Fed. Cir. 2011) (MSPB No. 2011-3187); *Burroughs v. Dep't of Army*, 445 F. App'x. 347 (Fed. Cir. 2011) (MSPB no. 2011-3118); *Burroughs v. Dep't of Army*, 446 F. App'x. 278 (Fed. Cir. 2011) (case no. 2011-3141); *Burroughs v. Dep't of Army*, 446 F. App'x. 293 (Fed. Cir. 2011) (MSPB no. 2011-3119). Thus, substantial evidence supports the Board's finding that Mr. Burroughs did not exhaust his administrative remedies. Accordingly, we affirm its dismissal of his WPA claim for lack of jurisdiction.

CONCLUSION

For the foregoing reasons, we affirm the decision of the Board.

No costs.

**AFFIRMED**