NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MILO D. BURROUGHS,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent,*

**and**

**DEPARTMENT OF DEFENSE,**
*Intervenor.*

---

2011-3021

---

Petition for review of the Merit Systems Protection Board in case no. DA3330090583-I-1.

---

Decided: June 13, 2011

---

MILO D. BURROUGHS, Yelm, Washington, pro se.

JEFFREY A. GAUGER, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M.

EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

VINCENT D. PHILLIPS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before RADER, *Chief Judge*, PROST and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Appellant Milo Burroughs petitions for review of the final decision of the Merit Systems Protection Board ("MSPB" or "Board") dismissing his appeal for lack of jurisdiction. Because the Board correctly determined that it lacked jurisdiction over Mr. Burroughs's appeal, we *affirm*.

BACKGROUND

Mr. Burroughs, an honorably discharged veteran of the United States Air Force, applied for a position as an Aerospace Engineer with the Department of Defense. After reevaluating its needs, the agency determined that it did not need an Aerospace Engineer, and it cancelled the request for personnel action. Having not been selected for the position, Mr. Burroughs filed a complaint with the Department of Labor on April 25, 2009, alleging that the agency violated his veterans preference rights by not selecting him for the job. The Department of Labor did not respond to the complaint. After sixty-one days,

Mr. Burroughs appealed his nonselection with the MSPB.

An administrative judge issued an initial decision denying the nonselection claim on the merits. On review, the Board questioned its jurisdiction over Mr. Burroughs's nonselection claim because it was not clear that Mr. Burroughs had exhausted his administrative remedy with the Department of Labor as required under the Veterans Employment Opportunity Act ("VEOA"). Noting that the record was not complete, the Board specifically directed Mr. Burroughs to submit evidence that he had satisfied the exhaustion requirement. The Board explained that Mr. Burroughs could satisfy the VEOA requirements by submitting evidence that the Department of Labor had sent him a written notification of the results of its investigation of the complaint including a notification that it was unable to resolve the complaint. Alternatively, he could submit evidence that the Department of Labor had not resolved the complaint within sixty days, *and* that he had notified the Secretary of Labor of his intention to file an appeal with the MSPB.

Mr. Burroughs responded to the Board's order by attaching a copy of his April 25, 2009 Department of Labor complaint and stating that he had filed his MSPB appeal sixty-one days after filing the Department of Labor complaint. This partial response was not sufficient because Mr. Burroughs did not satisfy either of the alternatives described by the Board. With respect to the first approach, he did not indicate whether the Department of Labor had sent him written notification of its resolution of his complaint. With respect to the second approach, he did not show that he had informed the Secretary of Labor of his intention to file an appeal with the MSPB.

Given these failures, the MSPB dismissed the appeal for lack of jurisdiction, concluding that Mr. Burroughs had not exhausted his administrative remedy with the Department of Labor. *Burroughs v. Dep't of Defense*, DA3330090583-I-1 (M.S.P.B. Sept. 21, 2010). Because it did not have jurisdiction, the MSPB did not reach the merits of the nonselection claim. This appeal followed.

## DISCUSSION

The scope of our review of a Board decision is limited. We review the Board's decision about its jurisdiction without deference. *Butler v. Soc. Sec. Admin.*, 331 F.3d 1368, 1371-72 (Fed. Cir. 2003).

The MSPB dismissed Mr. Burroughs's appeal for lack of jurisdiction without reaching the merits of his nonselection claim. On appeal to this court, Mr. Burroughs argues that the MSPB has jurisdiction over his nonselection claim under both the VEOA and the Veterans Preference Act ("VPA") itself.

Mr. Burroughs first argues that he has satisfied the VEOA exhaustion requirements because he filed his appeal more than sixty days after filing his complaint with the Department of Labor. While the record supports that the appropriate amount of time had passed before Mr. Burroughs filed his appeal, nothing in the record supports that he provided the required written notice to the Secretary of Labor of his intention to bring an MSPB appeal. *See* 5 U.S.C § 3330a(d)(2). This written notification is important because it lets the Secretary of Labor know she should stop investigating the complaint. Mr. Burroughs states that he "notified the [Secretary of Labor]" on April 25, 2009 of his intention to appeal to the Board using "form OBM NO. 1293-0002 designed specifi-

cally for that purpose." The form that Mr. Burroughs points to, however, is his original complaint. This document does not serve as written notice that he is electing to appeal the alleged violation to the MSPB. Because the record does not contain evidence that Mr. Burroughs notified the Secretary of Labor in writing that he was appealing his nonselection to the MSPB, the MSPB correctly concluded that he had not satisfied the VEOA exhaustion requirements. Accordingly, the MSPB does not have jurisdiction over the nonselection claim under the VEOA.

Mr. Burroughs further argues that the VPA provides an independent source of jurisdiction for his nonselection claim. As this court has already explained in *Burroughs v. Merit Systems Protection Board*, No. 2010-3180 (Fed. Cir. Apr. 8, 2011), the MSPB's authority to entertain nonselection claims stems from the VEOA. The VPA does not provide an independent source of MSPB jurisdiction over Mr. Burroughs's appeal.

The Board correctly determined that it lacked jurisdiction over Mr. Burroughs's appeal. Accordingly, we affirm.

COSTS

Each party shall bear its own costs.

**AFFIRMED**