## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DEGERALD R. WILSON,
            Appellant,

            v.

DEPARTMENT OF STATE,
            Agency.

DOCKET NUMBERS
AT-3443-14-0269-I-1
DC-3330-14-0354-I-1

DATE: August 26, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

DeGerald R. Wilson, San Antonio, Texas, pro se.

Elizabeth R. Amory, Esquire, Charleston, South Carolina, for the agency.

Joyce, Anne, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed petitions for review of two initial decisions, which dismissed his appeals for lack of jurisdiction. Generally, we grant petitions such as these ones only when: the initial decisions contain erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

material fact; the initial decisions are based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the cases; the judge's rulings during either the course of the appeals or the initial decisions were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the cases; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in these appeals, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review.  Therefore, we DENY the petitions for review and AFFIRM the initial decisions, which are now the Board's final decisions.  5 C.F.R. § 1201.113(b).

¶2 As a preliminary matter, we note that joinder of two or more appeals filed by the same appellant is appropriate where doing so would expedite processing of the cases and not adversely affect the interests of the parties.  *Tarr v. Department of Veterans Affairs*, 115 M.S.P.R. 216, ¶ 9 (2010); 5 C.F.R. § 1201.36(a)(2).  We find that the appellant's two appeals against the Department of State meet the regulatory criteria, and therefore we join them.[2]

¶3 On September 19, 2013, the agency posted a vacancy announcement for the position of Staff Assistant.  *Wilson v. Department of State*, MSPB Docket No. AT-3443-14-0269-I-1 (AT Appeal), Initial Appeal File (IAF), Tab 5 at 15.  The appellant applied for this position, *id*. at 80, but was not selected, *id*. at 7.  On November 19, 2013, the agency posted a vacancy announcement for the position of Customer Service Representative.  *Wilson v. Department of State*, MSPB

---

[2] The appellant has one other similar appeal.  *Wilson v. Department of Education,* MSPB Docket No. DC-3330-14-0298-I-1.  Because the respondent in that appeal is a different federal agency, we are adjudicating it separately from his two appeals against the Department of State.

Docket No. DC-3330-14-0354-I-1 (DC Appeal), IAF, Tab 7 at 17.  The appellant also applied for this position, *id*. at 24, but was, again, not selected, *id*. at 10, 75.

¶4    The appellant appealed his nonselection for these two positions to the Board.  AT Appeal, IAF, Tab 1; DC Appeal, IAF, Tab 1.  He alleged that his nonselection was the result of prohibited discrimination and that the agency violated the law as it relates to veterans' preference.  AT Appeal, IAF, Tab 1 at 5; DC Appeal, IAF, Tab 1 at 7.

¶5    The administrative judges issued jurisdictional orders for each of the appellant's nonselection appeals.  AT Appeal, IAF, Tab 6; DC Appeal, IAF, Tab 3.  These orders explained that the appellant had the burden of proving the Board's jurisdiction over his appeals and included instructions for establishing jurisdiction over a nonselection under the Veterans Employment Opportunities Act (VEOA).  AT Appeal, IAF, Tab 6 at 2-6; DC Appeal, IAF, Tab 3 at 2-6.  The appellant responded to the jurisdictional orders, AT Appeal, IAF, Tab 8; DC Appeal, IAF, Tab 6, and the agency submitted motions to dismiss, AT Appeal, IAF, Tab 12 at 5-8; DC Appeal, IAF, Tab 7 at 5-8.

¶6    Without hearings, the administrative judges dismissed both appeals for lack of jurisdiction.  AT Appeal, IAF, Tab 13, Initial Decision (ID); DC Appeal, IAF, Tab 8, ID.  The appellant has filed petitions for review.  AT Appeal, Petition for Review (PFR) File, Tab 1; DC Appeal, PFR File, Tab 1.  The agency has filed responses, AT Appeal, PFR File, Tab 3; DC Appeal, PFR File, Tab 2, and the appellant has replied, AT Appeal, PFR File, Tab 4; DC Appeal, PFR File, Tab 4.

¶7    The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  An agency's failure to select an applicant for a vacant position is generally not appealable to the

Board.  *Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 886 (Fed. Cir. 1998).  However, an exception exists under VEOA.[3]

¶8      The Board has held that in order to establish jurisdiction over a VEOA appeal, an appellant must: (1) show that he exhausted his remedy with the Department of Labor (DOL); and (2) make nonfrivolous allegations that (i) he is a preference eligible within the meaning of VEOA; (ii) the action at issue took place on or after the enactment date of VEOA; and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference.  *Alegre v. Department of Navy*, 118 M.S.P.R. 424, ¶ 12 (2012).  For an appellant to meet VEOA's requirement that he exhaust his remedy with DOL, he must establish that: (1) he filed a complaint with the Secretary of Labor; and (2) the Secretary of Labor was unable to resolve the complaint within 60 days or has issued a written notification that the Secretary's efforts have not resulted in resolution of the complaint.  *Id.*; *see Graves v. Department of Veterans Affairs*, 117 M.S.P.R. 491, ¶ 8 (2012) (explaining that the complaint to DOL must contain a summary of the allegations that form the basis for the complaint).  The purpose of this requirement is to afford DOL the opportunity to conduct an investigation that might lead to corrective action before involving the Board in the case. *Graves*, 117 M.S.P.R. 491, ¶ 8.

¶9      Despite the jurisdictional orders instructing him to prove that he had exhausted his remedies with DOL, AT Appeal, IAF, Tab 6 at 5; DC Appeal, IAF, Tab 3 at 5, the appellant presented no such evidence and his responses were silent

---

[3] We note that in his initial appeals, the appellant checked the box to indicate that he was also claiming that the agency's decision "was the result of prohibited discrimination (race, color, religion, sex, national origin, disability, age)."  AT Appeal, IAF, Tab 1 at 5; DC Appeal, IAF, Tab 1 at 13.  However, discrimination claims do not provide an independent basis for Board jurisdiction.  *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871–73 (D.C. Cir. 1982).  In addition, the Board lacks the authority to adjudicate claims of discrimination in a nonselection appeal under VEOA.  *Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶ 12 (2001).

on the issue other than a vague suggestion in one of his appeals that he submitted some sort of complaint to DOL after his initial appeals to the Board, *see* AT Appeal, IAF, Tab 8; DC Appeal, IAF, Tab 6 at 2. Therefore, because the appellant failed to provide any evidence that he filed a DOL complaint, the administrative judge rightly found that the Board lacked jurisdiction over his VEOA claim. *See Wible v. Department of Army*, 120 M.S.P.R. 333, ¶ 10 (2013) (the Board lacks jurisdiction over a VEOA claim if an appellant does not provide any evidence that he filed a DOL complaint because evidence of exhaustion with DOL is mandated by statute).

¶10  In his petitions for review, the appellant did not present any argument or evidence that the administrative judges erred in dismissing his appeals. Instead, the appellant vaguely asserts that DOL has been contacted.[4] AT Appeal, PFR File, Tab 1 at 2; DC Appeal, PFR File, Tab 1 at 2. His subsequent replies suggest he has complaints pending with DOL. AT Appeal, PFR File, Tab 4 at 2; DC Appeal, PFR File, Tab 4 at 2.

¶11  The Board's practice is to adjudicate an appeal that was premature when filed but becomes timely while pending before the Board. *Wooten v. Department of Veterans Affairs*, 96 M.S.P.R. 671, ¶ 9 (2004). However, the appellant's vague suggestions that complaints have been initiated with DOL, without any supportive evidence, do not establish that his appeals are now ripe. Even if he has initiated complaints with DOL, as he seems to suggest, the initiation of a complaint does not meet his jurisdictional burden of proving that he exhausted his administrative remedies. *See Burroughs v. Department of Defense,* 114 M.S.P.R. 647, ¶¶ 8-9 (2010), *aff'd*, 426 F. App'x 897 (Fed. Cir. 2011) (the mere filing of a complaint with DOL is not sufficient to establish Board jurisdiction over a VEOA appeal).

---

[4] The appellant's petitions both state, "The Department of Labor Complaint Information Form, submitted, by fax, From Texas Workforce Commission, San Antonio, Texas." AT Appeal, PFR File, Tab 1 at 2; DC Appeal, PFR File, Tab 1 at 2.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.