# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DEGERALD R. WILSON,<br>                    Appellant, | DOCKET NUMBER<br>DC-3330-14-0298-I-1 |
|                    v. | |
| DEPARTMENT OF EDUCATION,<br>                    Agency. | DATE: August 26, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

DeGerald R. Wilson, San Antonio, Texas, pro se.

Eun Kim, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his nonselection appeal for lack of Board jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact;  the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        In September 2013, the appellant applied for a position as an Economist with the agency. Initial Appeal File (IAF), Tab 8 at 16-20. In November 2013, the agency notified the appellant that he had been found "well qualified" for the position but that he was not among the list of candidates referred to the selecting official as "best qualified." *Id*. at 10. The appellant appealed his nonselection to the Board. The administrative judge dismissed that appeal for lack of jurisdiction but docketed a new Veterans Employment Opportunities Act (VEOA) appeal regarding the appellant's nonselection based on new allegations in the appellant's pleadings. *Wilson v. Department of Education*, MSPB Docket No. DC-3443-14-0239-I-1, Initial Decision at 2 (Jan. 8, 2014).

¶3        After docketing this VEOA appeal,[2] the administrative judge issued an order directing the appellant to meet his burden of proving the Board's

---

[2] The appellant has two other similar VEOA appeals. *Wilson v. Department of State,* MSPB Docket No. AT-3443-14-0269-I-1; *Wilson v. Department of State*, MSPB Docket No. DC-3330-14-0354-I-1. Because the respondent in those appeals is a different federal agency, we are adjudicating them separately from his appeal against the Department of Education.

jurisdiction.  IAF, Tab 3.  The appellant submitted a response, IAF, Tab 5, and the agency submitted a motion to dismiss, IAF, Tab 6.

¶4    Without holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 9, Initial Decision (ID).  The judge concluded that the appellant failed to meet his burden of proving that he had exhausted his administrative remedies with the Department of Labor (DOL), as instructed in the jurisdictional order and required by 5 U.S.C. § 3330a(a)(d)(1).  ID at 2-3.

¶5    The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 3.

¶6    The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  An agency's failure to select an applicant for a vacant position is generally not appealable to the Board.  *Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 886 (Fed. Cir. 1998).  However, an exception exists under VEOA.

¶7    The Board has held that, in order to establish jurisdiction over a VEOA appeal, an appellant must: (1) show that he exhausted his remedy with DOL; and (2) make nonfrivolous allegations that (i) he is a preference eligible within the meaning of VEOA; (ii) the action at issue took place on or after the enactment date of VEOA; and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference.  *Alegre v. Department of Navy*, 118 M.S.P.R. 424, ¶ 12 (2012).  For an appellant to meet VEOA's requirement that he exhaust his remedy with DOL, he must establish that: (1) he filed a complaint with the Secretary of Labor; and (2) the Secretary of Labor was unable to resolve the complaint within 60 days or has issued a written notification that the Secretary's efforts have not resulted in resolution of the complaint.  *Id*.; *see Graves v. Department of Veterans Affairs*, 117 M.S.P.R. 491, ¶ 8 (2012) (explaining that the complaint to DOL must contain a summary of the allegations that form the basis for the complaint).  The purpose of this requirement is to

afford DOL the opportunity to conduct an investigation that might lead to corrective action before involving the Board in the case. *Graves*, 117 M.S.P.R. 491, ¶ 8.

¶8      Despite the jurisdictional order instructing him to prove that he had exhausted his remedies with DOL, IAF, Tab 3 at 5, the appellant's response was silent on the issue, *see* IAF, Tab 5. Therefore, because the appellant failed to provide any evidence that he filed a DOL complaint, the administrative judge correctly found that the Board lacked jurisdiction over his VEOA claim. *See Wible v. Department of Army*, 120 M.S.P.R. 333, ¶ 10 (2013) (the Board lacks jurisdiction over a VEOA claim if an appellant does not provide any evidence that he filed a DOL complaint because evidence of exhaustion with DOL is mandated by statute).

¶9      In his petition for review, the appellant did not present any argument or evidence that the administrative judge erred in dismissing his appeal. Instead, the appellant vaguely asserts that DOL was contacted[3] to initiate a complaint on February 10, 2014, after the administrative judge dismissed his Board appeal. PFR File, Tab 1 at 2.

¶10      The Board's practice is to adjudicate an appeal that was premature when filed but becomes timely while pending before the Board. *Wooten v. Department of Veterans Affairs*, 96 M.S.P.R. 671, ¶ 9 (2004). However, the appellant's bare assertion that a complaint has been initiated with DOL, without any supportive evidence, does not establish that his appeal is now ripe. Even if a complaint were initiated with DOL, as he alleges, the initiation of a complaint does not meet the appellant's jurisdictional burden of proving that he exhausted his administrative remedies. *See Burroughs v. Department of Defense*, 114 M.S.P.R. 647, ¶¶ 8-9

---

[3] The appellant's petition states, "The United States Department of Labor was contacted to initiate the Complaint Information Form, submitted by Fax, from Texas Workforce Commission, San Antonio, Texas." PFR File, Tab 1 at 2.

(2010), *aff'd,* 426 F. App'x 897 (Fed. Cir. 2011) (the mere filing of a complaint with DOL is not sufficient to establish Board jurisdiction over a VEOA appeal).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for

Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:           _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.