# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

CHRISTOPHER E. FREEMAN,
      Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
      Agency.

DOCKET NUMBER
AT-3330-16-0607-I-1

DATE: February 8, 2023

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Christopher E. Freeman</u>, Decatur, Georgia, pro se.

<u>Amee Patel</u>, Esquire, Decatur, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which granted his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2        The appellant is a disability annuitant who was employed by the agency prior to his retirement effective June 30, 2012.  Initial Appeal File (IAF), Tab 1 at 1, 7.  He filed this appeal alleging that the agency denied him the opportunity to compete for, and failed to reinstate him in, a position for which he applied.  *Id.* at 3-4; IAF, Tab 5 at 4-7.  The Standard Form 50 attached to his appeal shows that he is a 5-point preference-eligible veteran with career-conditional tenure status.  IAF, Tab 1 at 7.  The administrative judge processed the appeal as a request for corrective action under VEOA based upon a potential violation of the appellant's right to compete for a position under 5 U.S.C. § 3304(f)(1).  IAF, Tab 9.  Based on the parties' written submissions, the administrative judge issued an initial decision, finding that the appellant had been denied the right to compete under 5 U.S.C. § 3304(f)(1).  IAF, Tab 15, Initial Decision (ID) at 3-4.[2]  He granted corrective action under VEOA and ordered the agency to reconstruct the selection process.  ID at 4-5.  The agency claims to have completed that process.  Petition for Review (PFR) File, Tab 3 at 5.  The appellant was not appointed to a position as a result of the reconstructed process, and he filed this petition for review.  *Id.*; PFR File, Tab 1.

## ANALYSIS

¶3        In his petition for review, the appellant argues that the administrative judge failed to rule on the appeal that he filed, which he characterizes as a complaint that the agency declared him ineligible for reinstatement and failed to consider his application because he had been retired on disability for more than 3 years.

[2] The appellant requested a hearing, but the administrative judge found that he conditionally waived his right to a hearing provided that the administrative judge ordered corrective action as a matter of law.  IAF, Tab 1 at 2; ID at 1.

PFR File, Tab 1 at 4. The appellant argues that his eligibility for reinstatement is not limited to a 3-year period as the agency initially informed him because he is a preference-eligible veteran with career status. *Id.* at 4-5. He argues that the administrative judge "introduced the VEOA claim into the case causing [him] to pursue an erroneous and pointless path," and in the alternative, the administrative judge erred by not informing him of the necessity of exhausting his remedies with the Department of Labor (DOL) before filing a request with the Board for corrective action under VEOA. *Id.*

¶4      In response, the agency asserts that the appellant did not seek corrective action under VEOA and did not present any evidence that he had exhausted his remedies with DOL under that statutory scheme.[3] PFR File, Tab 3 at 4-5. Although the agency reports that it complied with the administrative judge's order to reconstruct the selection process, it questions whether the appellant made the requisite showing of the Board's jurisdiction under VEOA because there was no evidence in the record that he exhausted his administrative remedies with DOL before filing his Board appeal. *Id.*; *see* 5 C.F.R. § 1201.57(c)(1).

¶5      In his reply to the agency's response to his petition for review, the appellant states that DOL rejected his complaint as untimely, without further elaboration. PFR File, Tab 4 at 4. The Board ordered the appellant to submit evidence that he filed a complaint with DOL, including the complaint itself and any correspondence to and from DOL related to the complaint. PFR File, Tab 5. In response, the appellant submitted a letter from DOL informing him that it closed his veterans' preference complaint because it was untimely filed. PFR File, Tab 6. The letter from DOL is dated November 18, 2016, nearly 2 months after

---

[3] The agency did not assert that its response was a cross-petition for review; however, the Board will consider the agency's arguments contained in its pleading because the issue of Board jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time during a Board proceeding. *Scott v. Department of the Air Force*, 113 M.S.P.R. 434, ¶ 5 (2010).

the administrative judge issued the initial decision on September 22, 2016.  *Id.* at 4; ID at 1.

¶6        With his submission on review, the appellant has established that he filed a complaint with DOL, which is the first act necessary in establishing the Board's VEOA jurisdiction.  The timing of his DOL complaint is nevertheless unclear. He implies that he filed the complaint only after the administrative judge encouraged him to do so.  PFR File, Tab 1 at 5.

¶7        To establish the Board's VEOA jurisdiction, an appellant must first exhaust his remedies with DOL.  The exhaustion requirement is satisfied when the appellant has filed a written complaint with DOL regarding the alleged violation and either of the following events have occurred:  (1) DOL sent the appellant written notification of the results of its investigation of the complaint; or (2) DOL did not resolve the complaint within 60 days and the appellant notified the Secretary of Labor of his intention to appeal to the Board.  *Burroughs v. Department of Defense*, 114 M.S.P.R. 647, ¶ 7 (2010), *aff'd*, 426 F. App'x 897 (Fed. Cir. 2011); *see* 5 U.S.C. § 3330a(a)(2), (d)(1)-(2); 5 C.F.R. § 1208.23(a). When the Secretary of Labor has not resolved a complaint within 60 days, the appellant must provide the Board with evidence that he has complied with the statutory requirement that he notify the Secretary of his intention to file an appeal.  5 U.S.C. § 3330a(d)(2); *Burroughs*, 114 M.S.P.R. 647, ¶ 7.

¶8        Because there was *no* evidence in the record before the administrative judge that the appellant had taken these actions, the appellant did not meet his jurisdictional burden.  The Board thus lacked jurisdiction over his VEOA claim, and the administrative judge erred in adjudicating it on the merits.  The administrative judge's reliance on VEOA as a potential basis for jurisdiction is understandable.    After   all,   the   appellant   invoked   his   status   as   a preference-eligible veteran who was denied the opportunity to compete for a position for which the agency was accepting outside applicants.  IAF, Tab 1 at 3, Tab 5 at 5, Tab 11 at 4.  We must nevertheless vacate the administrative judge's

findings on the merits of the VEOA claim, because it has not yet been established that the Board has jurisdiction over any such claim. *See Willingham v. Department of the Navy*, 118 M.S.P.R. 21, ¶ 5 (2012) (stating that the Board must determine whether the appellant established jurisdiction over his VEOA appeal before proceeding to the merits of his claim).

¶9     We remand this appeal to the regional office for further adjudication. Although it is unclear whether the appellant wishes to pursue a request for corrective action under VEOA, his newly submitted closeout letter shows that he clearly sought to exhaust his remedies with DOL. PFR File, Tab 1 at 4-5, Tab 4 at 4-5, Tab 6. The administrative judge must thus provide him with appropriate notice of the other jurisdictional elements. *See Bent v. Department of State*, 123 M.S.P.R. 304, ¶¶ 9-11 (2016). DOL found that the appellant's complaint was untimely. PFR File, Tab 6 at 4. The time limit in 5 U.S.C. § 3330a(a)(2)(A) is not jurisdictional but is similar to a statute of limitations subject to equitable tolling. *See Kirkendall v. Department of the Army*, 479 F.3d 830, 836-44 (Fed. Cir. 2007) (en banc); *Bent*, 123 M.S.P.R. 304, ¶ 12. The administrative judge also should have the parties address this issue as appropriate on remand. *See Bent*, 123 M.S.P.R. 304, ¶ 12.

¶10     The appellant's pleadings additionally allude to other potential bases for the Board's jurisdiction. In his initial filing, for example, he checked the box for alleging a failure to restore, reemploy, or reinstate and/or improper restoration, reemployment, or reinstatement. IAF, Tab 1 at 3. It is unclear from the record whether his disability resulted from a compensable injury, and he should thus receive notice regarding his jurisdictional burden in a restoration appeal filed pursuant to 5 C.F.R. § 353.304. The appellant also invoked the Board's jurisdiction over suitability actions and employment practices that violate a basic requirement in 5 C.F.R. § 300.103. IAF, Tab 11 at 4; *see* 5 C.F.R. §§ 300.104(a), 731.501. Because the administrative judge summarily decided the VEOA claim in the appellant's favor, the appellant was never afforded notice of how to

establish jurisdiction under any other theories. The administrative judge must provide the appellant with explicit notice of the applicable jurisdictional issues and an opportunity to establish jurisdiction under the theories he has invoked, although he may not be able to do so.[4] *See, e.g.*, *Alvarez v. Department of Homeland Security*, 112 M.S.P.R. 434, ¶ 9 (2009) (citing *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985)).

## ORDER

¶11     For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                                /s/ for
                                             _____
                                             Jennifer Everling
                                             Acting Clerk of the Board

Washington, D.C.

---

[4] The appellant's prehearing submission cited, among other things, 5 U.S.C. §§ 2301, 2302(b)(12), and 5 C.F.R. §§ 315.202, 315.401-.403. IAF, Tab 11. These authorities generally are considered not to be independent sources of Board jurisdiction. *See, e.g.*, *Phillips v. General Services Administration*, 917 F.2d 1297, 1298 (Fed. Cir. 1990); *Hicks v. Department of the Navy*, 33 M.S.P.R. 511, 512-13 (1987).