# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ASHLEY CODY, | DOCKET NUMBER |
| Appellant, | AT-315H-23-0036-I-1 |
| v. | |
| DEPARTMENT OF LABOR, | DATE:  July 19, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ashley Cody</u>, Austell, Georgia, pro se.

<u>Kathryn C. Hagerman</u> and <u>Monica Moukalif</u>, Atlanta, Georgia,
for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her appeal of her probationary termination for lack of jurisdiction. For

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2    The agency appointed the appellant to a career-conditional competitive service position as a Safety and Occupational Health Specialist effective March 27, 2022, subject to a 1-year probationary period.  Initial Appeal File (IAF), Tab 1 at 6.  The agency subsequently notified the appellant during her probationary period that she would be terminated, effective October 4, 2022, for performance problems, time and attendance issues, and misuse of her Government-issued credit card.  *Id.* at 7-9.

¶3    The appellant filed a timely Board appeal alleging that the agency should have given her "the option to resolve the matter through an alternative dispute resolution before termination."  *Id.* at 3.  The administrative judge ordered the appellant to file evidence and argument demonstrating that the Board had jurisdiction over her appeal, but the appellant did not respond.  IAF, Tab 3.  In an initial decision dated November 28, 2022, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to raise a nonfrivolous allegation of marital status discrimination, or that her termination was based on partisan political reasons or pre-employment misconduct.  IAF, Tab 9, Initial Decision (ID) at 4.  The initial decision informed the appellant that it would become the Board's final decision on January 2, 2023, unless she filed a petition for review by that date.  ID at 4.

¶4    The appellant filed a petition for review on  January 17, 2023, asserting that the Board should reconsider her appeal "due to [her] status of being a protected veteran."  Petition for Review (PFR) File, Tab 1 at 2.  In a January 18, 2023 acknowledgement letter from the Office of the Clerk of the Board, the Acting Clerk informed the appellant that the Board may dismiss her petition for review as untimely filed unless she submitted a motion showing that her petition for

review was timely filed or that good cause existed for the filing delay. PFR File, Tab 2. The Clerk's Office enclosed a "Motion to Accept Filing as Timely and/or to Ask the Board to Waive or Set Aside the Time Limit" and informed the appellant that she had until February 2, 2023, to file such motion. *Id.* The appellant did not respond. The agency filed a response to the appellant's petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 A petition for review generally must be filed within 35 days after the date of issuance of the initial decision or, if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. 5 C.F.R. § 1201.114(e). The appellant does not claim that she received the initial decision more than 5 days after it was issued. PFR File, Tab 1. Further, because the appellant elected to be an e-filer, she is deemed to have received the initial decision on the date of electronic submission, November 28, 2022. IAF, Tab 1 at 2, Tab 10; *see Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.14(m)(2) (2023). Therefore, her petition for review was due by January 2, 2023, and it is thus over 2 weeks late.

¶6 The Board will waive its filing deadline only upon a showing of good cause for the delay. *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 5 (2014); 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time

limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her petition for review. *Gaetos*, 121 M.S.P.R. 201, ¶ 5; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶7    Here, we find that the appellant has failed to show good cause for a waiver of the filing deadline. The appellant did not submit a motion showing that her petition for review was timely filed or that good cause existed for the filing delay or otherwise respond to the Clerk's acknowledgement order informing her that her petition for review was untimely filed. *See* 5 C.F.R. § 1201.114(g). She has not submitted any evidence or argument on the timeliness of her petition for review. Further, her 2-week filing delay is not insignificant. *See, e.g.*, *Crozier v. Department of Transportation*, 93 M.S.P.R. 438, 441 (2003) (finding a 13-day delay not minimal); *Winfrey v. National Archives and Records Administration*, 88 M.S.P.R. 403, ¶ 6 (2001) (finding that a 48-day delay was not minimal). Although the appellant's pro se status is a factor weighing in her favor, it is insufficient to excuse her untimeliness. *See Allen v. Office of Personnel Management*, 97 M.S.P.R. 665, ¶¶ 8, 10 (2004) (declining to excuse a pro se appellant's 14-day, unexplained delay in filing a petition for review).

¶8    As noted above, the appellant stated in her petition for review that the Board should reconsider her appeal "due to [her] status of being a protected veteran." PFR, Tab 1 at 2. She submits a 1-page letter from the Department of Veterans Affairs indicating that she has a service-connected disability rating of 100%, effective May 2020, but she does not provide any other information or explanation. *Id.* at 3. It is unclear whether the appellant is attempting to raise a claim of discrimination based on military service under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA). Under USERRA, a person who has performed "service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of

employment . . . on the basis of that . . . performance of service." 38 U.S.C. § 4311(a); *Searcy v. Department of Agriculture*, 115 M.S.P.R. 260, ¶ 6 (2010). To establish Board jurisdiction over a USERRA discrimination appeal, an appellant must allege the following: (1) she performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied her initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service.[2] *Searcy*, 115 M.S.P.R. 260, ¶ 7. Here, the appellant did not indicate on her initial appeal form that she was pursuing a USERRA claim, and she has not made even vague allegations that would establish Board jurisdiction over a USERRA discrimination appeal in either her initial appeal or on review. *See* IAF, Tab 1; PFR File, Tab 1; *see also Wilson v. Department of the Army*, 111 M.S.P.R. 54, ¶ 9 (2009) (stating that a claim of discrimination under USERRA should be broadly and liberally construed in determining whether it is nonfrivolous, particularly when the appellant is pro se). However, there is no time limit to filing a USERRA appeal. 5 C.F.R. § 1208.12. If the appellant believes she has been the victim of a violation of section 4311(a), she may file an appeal with the Board.[3] 38 U.S.C. § 4324(b); *Searcy*, 115 M.S.P.R. 260, ¶ 6.[4]

[2] The Board has jurisdiction over USERRA appeals, even when an employee was serving a probationary period at the time of the alleged violation. *Wright v. Department of Veterans Affairs*, 73 M.S.P.R. 453, 454 (1997).

[3] An individual may choose to file a USERRA complaint with the Secretary of Labor and have the Secretary investigate her complaint. 38 U.S.C. § 4322(a). If the individual files such a complaint with the Secretary of Labor, she may thereafter file an appeal with the Board regarding her USERRA claim pursuant to 38 U.S.C. § 4324(b)(2). If the individual does not elect to apply to the Secretary for assistance under section 4322(a), she may file directly with the Board. 38 U.S.C. § 4324(b)(1).

[4] To the extent the appellant may wish to pursue other veterans' preference claims, under the Veterans Employment Opportunities Act of 1998 (VEOA), a "preference eligible who alleges that an agency has violated such individual's rights under any statute or regulation relating to veterans preference may file a complaint with the Secretary of Labor" and, after that complaint process is exhausted, may then file an appeal with the Board. 5 U.S.C. § 3330a. A VEOA complaint must be filed with DOL

¶9      Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding its lack of jurisdiction over the appellant's probationary termination appeal.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

within 60 days after the date of the alleged violation. 5 U.S.C. § 3330a(a)(2). The exhaustion requirement is satisfied if the appellant filed a complaint with DOL and DOL either: (1) sent the appellant written notification that it was unable to resolve the complaint; or (2) did not resolve the complaint within 60 days and the appellant notified DOL of her intention to appeal to the Board. *Burroughs v. Department of Defense*, 114 M.S.P.R. 647, ¶ 7 (2010), *aff'd*, 426 F. App'x 897 (Fed. Cir. 2011).

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____

                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.